Argued April 25; decided August 5, 1895.

## GROSSMAN v. CITY OF OAKLAND.
(—— L. R. A. ——; 41 Pac. 5.)

1. LIMIT OF MUNICIPAL POWER OVER NUISANCES.\*—Under a charter giving to the city the power to prevent and restrain nuisances, and "to declare what shall constitute a nuisance," an ordinance absolutely prohibiting a railroad company from fencing its track in the platted portion of the city, and declaring such fence a nuisance, is void, since the city cannot assert a particular use of property to be a nuisance, unless such use comes within the common law or statutory idea of a nuisance, or is so in fact.

2. EFFECT OF PLEA OF GUILTY—CRIMINAL LAW.—A plea of guilty to a charge of violating a city ordinance is only an admission that defendant committed the acts charged, and is immaterial where the ordinance is void.

From Douglas:  J. C. FULLERTON, Judge.

S. Grossman, having pleaded guilty before the recorder of the City of Oakland of violating a certain ordinance, prosecuted a writ of review to the Circuit Court. His proceeding was dismissed, and he appeals.

REVERSED.

For appellant there was an oral argument by *Mr. Wm. D. Fenton,* with a brief over the name of *Bronaugh, McArthur, Fenton & Bronaugh,* urging these points:

The ordinance is void, because it is not within the police power of any city to declare that to be a nuisance

*NOTE.—This case is reprinted in —— L. R. A. ——, with a considerable note on the Power of Municipal Corporations to Define, Prevent, and Abate Nuisances. Legislatures, municipal corporations, or boards of health cannot declare particular things to be nuisances which in reality are not: *Tissot* v. *Great Southern Telegraph Co.,* 4 Am. St. Rep. 248; *Village of Des Plaines* v. *Poyer,* 5 Am. St. Rep. 524; *Ex parte O'Leary,* 7 Am. St. Rep. 640; *City of Janesville* v. *Carpenter,* 20 Am. St. Rep. 123; *Ex parte Neill,* 40 Am. St. Rep. 776; *First Nat. Bank* v. *Sarlls,* 28 Am. St. Rep. 185. There is a modification of the foregoing rule to the effect that in doubtful cases, where a thing may or may not be a nuisance, depending upon a variety of circumstances requiring judgment and discretion on the part of the municipal

which was not so at common law or which is not so in fact: 15 Am. & Eng. Enc. Law (1st Ed.), 1166; Cooley on Constitutional Limitations (6th Ed.), 741, note; *Everett* v. *Council Bluffs*, 46 Iowa, 67; *Butchers' Union* v. *Crescent City*, 111 U. S. 746; *Wynehamer* v. *People*, 13 N. Y. 378; *Village* v. *Poyer*, 123 Ill. 348 (14 N. E. 677, 5 Am. St. Rep. 524); *Railroad Co.* v. *City of Joliet*, 79 Ill. 44; *Yates* v. *Milwaukee*, 77 U. S. (10 Wall.), 503; *State* v. *Mott*, 61 Md. 297 (48 Am. Rep. 105); *Ward* v. *Little Rock*, 41 Ark. 526 (48 Am. Rep. 46).

This ordinance is invalid for that it attempts to conclusively declare that a nuisance which is not in itself injurious to the public health, the public morals, or the public safety, and which is not a nuisance at common law or in fact, and which is an entirely legal act under the laws of the State. It is beyond the power of any municipal corporation or legislative body to declare the act of inclosing one's own property by a fence, or the exercise of dominion over one's own property, to be an offense or a nuisance. Whether the particular use of private property constitutes a nuisance is a judicial and not a legislative question: 15 Am. & Eng. Enc. Law, pp. 1178-1180, note; 1 Dillon on Municipal Corporations (3d Ed.), § 325; 33 Central Law Journal, 382; note to *Milne* v. *Davidson*, 16 Am. Dec. 195; note to *Robinson* v. *Franklin*, 34 Am. Dec. 627; *River Ren-*

authorities in exercising legislative functions, their action will be conclusive: *Harmison* v. *City of Lewiston*, 46 Am. St. Rep. 893.

The legislature may enlarge the list of public nuisances, and declare places or property used to the injury of the general health, morals, or welfare to be public nuisances, although not so at common law: *Lawton* v. *Steele*, 16 Am. St. Rep. 813 (7 L. R. A. 134); and property used in the maintenance of nuisances may be destroyed if necessary for their abatement: *Lawton* v. *Steele*, 119 N. Y. 226, 152 U. S. 133 (16 Am. St. Rep. 813, 7 L. R. A. 134); *First Nat. Bank* v. *Sarlls*, 28 Am. St. Rep. 185.

With the case of *City of Richmond* v. *Dudley*, 28 Am. St. Rep. 184 (13 L. R. A. 587), is a collection of authorities to the effect that a municipal ordinance must be reasonable, must be consonant with the powers and purposes of the municipality, and not inconsistent with the laws of the state.—REPORTER.

*dering Co.* v. *Behr*, 77 Mo. 98 (46 Am. Rep. 6); *Hennessy* v. *City of St. Paul*, 37 Fed. 565; *Denver* v. *Mullen*, 7 Colo. 345 (4 Am. & Eng. Corp. Cas. 304); *Wreford* v. *People*, 14 Mich. 41; *Lake View* v. *Letz*, 44 Ill. 81; *Chicago* v. *Laflin*, 49 Ill. 172; *Allison* v. *Richmond*, 51 Mo. App. 133; *Teass* v. *St. Albans* (W. Va.), 17 S. E. 400; *Cole* v. *Kegler*, 64 Iowa, 59; *Pieri* v. *Shieldsboro*, 42 Miss. 493; *Frank* v. *Atlanta*, 72 Ga. 428.

In the following cases it is held that a municipal ordinance which assumes to declare and punish an ordinance, or to create an offense in too broad and sweeping terms, so as to prevent the exercise of a lawful right, or to impose unreasonable restrictions upon the lawful use of property, is void: *Ex parte O'Leary*, 65 Miss. 80 (7 Am. St. Rep. 640); *City of St. Paul* v. *Gilfillan*, 36 Minn. 298; *Ex parte Sing Lee*, 96 Cal. 354 (24 L. R. A. 195, 31 Am. St. Rep. 218); *Ex parte Whitwell*, 98 Cal. 73 (19 L. R. A. 727, 35 Am. St. Rep. 152); *In re San Kee*, 31 Fed. 680; *In re Tie Loy*, 26 Fed. 611; *Laundry Case*, 7 Sawy. 528; *Greenlow* v. *Ehrenreich*, 80 Ala. 579; *City of Sioux Falls* v. *Kirby*, 60 N. W. 156 (25 L. R. A. 621).

Any ordinance which, in effect, prevents the right of building on private property, under peril of punishment, is void, as taking property without due process of law, and without compensation: *St. Louis* v. *Hill* (Mo.), 22 S. W. 861 (21 L. R. A. 226); *Newton* v. *Belger*, 143 Mass. 598; *Quintini* v. *Mayor*, 64 Miss. 485 (60 Am. Rep. 62); *Evansville* v. *Martin*, 41 Ind. 45.

The police power does not extend to depriving any person of the lawful use of property without due process of law, and without compensation: *Matter of Jacobs*, 98 N. Y. 110 (50 Am. Rep. 636); *Matter of Cheesbrough*, 78 N. Y. 232; *Rockwell* v. *Nearing*, 35 N. Y. 302.

The ordinance in question violates all the principles enunciated in the foregoing decisions. It does not pur-

port to prevent the obstruction of public streets, or allude to streets or highways in any manner. By its broad and comprehensive terms, it precludes the building of any fence to separate the land of the railroad company from the private lands of other persons, and purports to deprive it of the right to build upon its own pro; erty, when not interfering with any public right. Such an ordinance transcends the just limits of police power, and is wholly void.

For respondent there was an oral argument by *Mr. J. W. Hamilton,* and a brief to this effect:

Our city governments usually possess the power, either by express grant or by virtue of their authority, to make by-laws relating to the public safety and good order; the route on streets over which omnibuses, stage coaches, drays, etc., may run. Public safety and convenience may require regulations of this character: 1 Dillon on Municipal Corporations, §§ 393, 396.

A city government, under the usual grants of power, has the general authority to so regulate the use and enjoyment of private property in the city as to prevent its proving pernicious to the citizens generally, and may, when the use to which the owner devotes his property becomes a nuisance, compel him to cease so to use it, and punish him for refusing to obey its ordinances and regulations concerning such use. 1 Dillon on Municipal Corporations, 468; *Louisville City Ry. Co. v. Linisrilk,* 8 Bush. (Ky.) 415.

Under a grant of authority to construct its track along a street, a railroad company cannot monopolize a street to the exclusion of the public and private uses to which it is applied: 6 Am. & Eng. Enc. Law, 535, 536; *Farrand v. Chicago & Northwestern R. R. Co.,* 21 Wis. 438.

The right to fence within the city limits does not exist.

The mere inconvenience to the company by no means governs in determining whether there exists a right to fence. This has little if any weight. The public convenience, the public interest, the spirit and policy of the statute are to be considered: *Davis* v. *Burlington & Missouri River R. R. Co.*, 26 Iowa, 555, 557.

There is no common right to do that which by a valid law or ordinance is prohibited, and hence courts will not declare an authorized ordinance void, because it prohibits what otherwise might be lawfully done: 1 Dillon on Municipal Corporations, § 326.

If an ordinance is general in its application, the mere fact that it peculiarly affects a particular person raises no presumption that it was enacted for the purpose of annoying him, or depriving him of his rights: *Shrinkle* v. *Covington*, 83 Ky. 420.

Ordinances may be adapted to the varying municipal necessities and exigencies: *Covington* v. *St. Louis*, 78 Ill. 548.

A city ordinance may regulate the exercise of a common right, provided the regulation is not unreasonable: *Com.* v. *Patch*, 97 Mass. 221.

Opinion by MR. CHIEF JUSTICE BEAN.

On June 12, 1894, the petitioner was arrested on a warrant of the Municipal Court of the City of Oakland, issued upon a complaint charging him with having "committed a public nuisance within the platted portion of said city, by driving stakes as a part of the fence which he was then and there building along the side of the O. & C. Railroad, otherwise known as the Southern Pacific Railroad, contrary to ordinance No. 58 of the city," and on a plea of guilty was fined $25. He thereupon sued out a writ of review to have the judgment of the recorder's

court annulled and set aside, on the ground that the ordinance was void. The writ being dismissed by the Circuit Court, he brings this appeal. The ordinance in question was passed by the Oakland council June 11, 1894, for the declared purpose, as shown by the minutes of the meeting, of "prohibiting the Southern Pacific Railroad Company from building a fence along their railroad within the corporate limits of the city," and provides: "That it shall be unlawful for any person, association, or corporation, owning, operating, or controlling any railroad within the corporate limits of the City of Oakland, Oregon, or any person or persons in the employment of any such person, association, or corporation, or any other person whatever, to build, construct, or maintain any fence or other obstruction whatever along the side of any such railroad within the portion of the corporate limits of said City of Oakland that is laid out in lots and blocks, and every such fence and obstruction is hereby declared a nuisance within and against the ordinance of said City of Oakland."

1. In our opinion this ordinance cannot be sustained as a legitimate exercise of municipal power. The charter of the city confers upon it the power to prevent and restrain nuisances, and to "declare what shall constitute a nuisance"; but this does not authorize it to declare a particular use of property a nuisance, unless such use comes within the common law or statutory idea of a nuisance: 2 Wood on Nuisances (3d Ed.), 977; *Yates* v. *Milwaukee,* 77 U. S. (10 Wall.) 497; *Village of Des Plaines* v. *Poyer,* 123 Ill. 348 (5 Am. St. Rep. 524, 14 N. E. 677); *Quintini* v. *City Board of Aldermen,* 64 Miss. 483 (60 Am. Rep. 62, 1 So. 625); *Chicago & Rock Island R. R. Co.* v. *City of Joliet,* 79 Ill. 44; *Hutton* v. *City of Camden,* 39 N. J. Law, 122 (23 Am. Rep. 203). By this provision of the charter the city is clothed with authority

to declare by general ordinance under what circumstances and conditions certain specified acts or things injurious to the health or dangerous to the public are to constitute and be deemed nuisances, leaving the question of fact open for judicial determination as to whether the particular act or thing complained of comes within the prohibited class; but it cannot by ordinance arbitrarily declare any particular thing a nuisance which has not heretofore been so declared by law, or judicially determined to be such: *City of Denver* v. *Mullen,* 7 Colo. 345 (4 Am. & Eng. Corp. Cas. 304, 3 Pac. 693). An ordinance of the city cannot transform into a nuisance an act or thing not treated as such by statutory or common law, nor can it prohibit the free use of property by the owner, so long as such use does not interfere with the rights of others. Every proprietor has a constitutional right to erect upon his property such buildings or other structures as he may deem necessary for its enjoyment, having due regard for the rights of others, and this is a vested right guaranteed by the constitution, and cannot be arbitrarily interfered with. It is true one cannot lawfully use his property in such a manner as to injure another, but a particular use which may or may not result in creating a nuisance according to circumstances cannot be declared such in advance. The question when it may or may not become a nuisance within some provision of law must be settled as one of fact and not of law. Now, the fencing of a railway track in the platted portion of a city can ordinarily work no more harm or injury to others than the fencing of private property, and it would not for a moment be contended that an ordinance prohibiting a private citizen from fencing his property regardless of the character of the fence would be valid. The fencing or enclosing of property is a lawful and harmless use, in itself, and does not become a nuisance because the municipal authorities

have so declared, unless it is so in fact by reason of the character of the structure or the place of its erection; and in such case the ordinance should be directed against the unlawful and not the lawful act, leaving it to be judicially determined whether the particular structure is in fact a nuisance, either by reason of its character or the place of its erection. But the ordinance in question is not directed to the prohibition of such fences or structures, as may by reason of their character or location be a nuisance, but it absolutely prohibits a railroad company from in any manner fencing or enclosing its track in the platted portions of the city, although the fence may be upon its own property, acquired by purchase or condemnation, and although it may be necessary to do so as a protection to its servants or the traveling public, and, in our opinion, is manifestly void: Tiedeman on Limitations of Police Power, § 122a.

2.    It is contended, however, that by his plea of guilty the petitioner has waived the right to insist in this proceeding that the ordinance is void; but the plea of guilty is only an admission that the defendant committed the acts charged in the complaint, and, unless such acts constitute an offense or are in violation of some valid ordinance of the city, his admission was not material, and he waived nothing thereby: *Fletcher* v. *State*, 12 Ark. 169. It follows that the judgment of the court below must be reversed.

REVERSED.