## CHARLESTON.

DONOHOE *v.* FREDLOCK, *et al.*

Submitted March 5, 1912.   Decided September 30, 1913.

1. MUNICIPAL CORPORATIONS—*Abatement of Nuisance—Powers.*
   Under the provisions of the charter of a city that the council thereof shall have the power "to regulate the making of division fences and party walls by the owners of adjoining and adjacent premises and lots; to prevent injury or annoyance to the public or individuals from anything dangerous, offensive or unwholesome; and to abate by summary proceedings whatever in

the opinion of the council is a nuisance", the council may abate only that as a nuisance which is recognized as such *per se* or branded as such by a lawful statute or ordinance.   (p. 714).

2.   INJUNCTION—*Public Officers—Illegal Resolution—Abatement of Nuisance.*

Equity has jurisdiction to restrain a municipal corporation from proceeding, under an illegal and invalid order or resolution, to remove an alleged nuisance, where private rights are encroached upon and substantial injury will ensue.   (p. 715).

Appeal from Circuit Court, Randolph County.

Bill by Thomas Donohoe against A. M. Fredlock, Mayor, and others.   Decree for defendants, and plaintiff appeals.

*Reversed, Demurred Overruled.   Injunction and Bill Reinstated.*

*E. D. Talbott,* for appellant.

*H. G. Kump,* for appellees.

LYNCH, JUDGE:

Without an ordinance of a general character declaring what shall be deemed nuisances, and abatable because within such declaration, and without an ordinance regulating "the making of division fences," the council of the city of Elkins, assuming to act under the provisions of its charter, declared a fence constructed and maintained by Donohoe on his lots therein a nuisance, and ordered its abatement by him within a few hours thereafter, and, upon his failure to abate it, directed the police officers to remove it at his expense.   Upon the bill before us, Donohoe obtained an injunction restraining enforcement of the order.   The circuit court sustained defendants' demurrer to the bill, and dissolved the injunction.   This appeal followed.

The defendants, members of the council and its officers and agents, attempt to vindicate their action by the charter authority of the city, § 28, Ch. 81, Acts 1911, which provides that "the council of said city shall have the following general powers: to regulate the making of division fences and party walls by the owners of adjoining and adjacent premises and lots; to prevent

injury or annoyance to the public or individuals from anything dangerous, offensive or unwholesome; and to abate by summary proceedings whatever in the opinion of the council is a nuisance." They acted upon the theory that these general powers are fully operative, in the absence of an ordinance enacted in due form and applicable alike to all persons and structures of the character described; the bill alleging, and the demurrer admitting, that the council had not adopted such ordinance at the date of its proceedings to abate the fence on his property.

The legislature could, in its discretion, enact, as the legislatures of some states (Maine and Massachusetts being instances) have enacted, general laws defining and limiting the character and height of division fences. Having that power, it could, in the exercise of its legitimate authority, vest in any municipality like power and authority. Even with such a statute, the legislative grant to regulate division fences does not authorize the municipal council to declare any fence a nuisance unless and until its proper officers have, by a general ordinance, in fact declared the nature and character of the fences that may be so constructed. The power to regulate means only power to enact a reasonable ordinance for that purpose, and thereafter to enforce it by appropriate proceedings. It does not vest in the municipality the power to declare the fence of any one citizen a nuisance and abate it, without first exercising its legislative power to prescribe what fences may properly be built and maintained. This the council of Elkins may have done. But the bill charges failure thus to prescribe any general rule applicable alike to all structures of this character prior to its attempt to declare plaintiff's fence a nuisance and to abate it as such by summary proceedings.

The authority of municipal councils in respect to the exercise of the powers conferred by charter or the general statute (Ch. 47, Code 1906) on cities having been but recently discussed in *Parker* v. *Fairmont* (not reported) by Judge Robinson, a re-discussion could serve no useful purpose. That case is cited for the holding (points 1 and 2 of the syllabus) that, under the provisions of the charter of a city, the same as Code 1906, Ch. 47, § 28, that "the council shall have power to abate

or cause to be abated anything which in the opinion of a majority of the whole council shall be a nuisance," the council may abate only that as a nuisance which is recognized as such *per se* or branded as such by lawful statute or ordinance. The rule thus stated, when applied, as it properly may be, to the facts averred by the bill in this case, renders certain the conclusion that the action of the council of the city of Elkins is erroneous, and subject to restraint by the injunctive process of a court of equity at the suit of the plaintiff. In addition to the authorities cited by Judge ROBINSON, we cite the following: *Grossman* v. *Oakland,* 30 Ore. 478, 41 Pac. 5, 60 Am. St. 832, 36 L. R. A. 593; *Walker* v. *Jameson,* 140 Ind. 591, 49 Am. St. 222, 28 L. R. A. 679; *St. Louis* v. *Heitzeberg,* 141 Mo. 975, 64 Am. St. 516, 39 L. R. A. 551; McQuillin on Mun. Ord., § 441; 3 McQuillin on Mun. Corp., § 901; Joyce on Nuisances, §§ 332, 344.

Likewise, the third syllabus of the Parker case settles the question discussed by the defendants here, namely, the existence of an adequate remedy at law by certiorari. It is, that "equity will restrain a municipal corporation from proceeding, under an illegal and invalid order or resolution, to remove an alleged nuisance, where private rights are unlawfully encroached upon and irreparable injury will ensue." See also *Teass* v. *St. Albans,* 38 W. Va. 1; *Railway Co.* v. *Triadelphia,* 58 W. Va. 487; *Improvement Co.* v. *Bluefield,* 69 W. Va. 1; *Hartman* v. *Mayor,* (Del.), 41 Atl. 74; *Carney* v. *Barnes,* 56 W. Va. 581.

But defendants insist that the bill is fatally defective, and therefore that the court did not err in sustaining their demurrer, because it fails to aver irreparable injury consequent upon the consummation of the proceedings by abatement. They also likewise contend that the bill is defective because of the failure to aver the absence of an adequate remedy at law. While the usual and better practice requires these technical averments, yet to hold a bill defective because of their omission, when it states the facts from which the court as well as the pleader may reasonably conclude that irreparable injury will probably ensue unless relief is granted, would seem to give to these phrases undue merit and effect. At best, they express mere conclusions from the facts averred. They are impotent for any purpose,

unless the facts alleged warrant the conclusion. But there is authority at least holding it unnecessary, in order to obtain an injunction to restrain trespass, that plaintiff should aver or prove inability to obtain adequate compensation in damages in an action at law. *Manchester* v. *Manchester,* 25 Gratt. 825, 828; *Anderson* v. *Harvey,* 10 Gratt. 386, 398; *Rakes* v. *Ruslin,* 2 Va. Dec. 156, 158.

The court is therefore of opinion to reverse the decree, overrule the demurrer, reinstate the injunction, and remand the case for further proceedings in accordance with the principles herein announced and otherwise according to law.

*Reversed, Demurrer Overruled, Injunction and Bill Reinstated.*