# CHEVY CHASE SANATORIUM *v.* DISTRICT OF COLUMBIA.

ASYLUMS AND HOSPITALS; NUISANCE; MUNICIPAL CORPORATIONS; LICENSES; REGULATIONS; ESTOPPEL.

1. A municipality has no power to declare a thing a nuisance which is not such at common law, and has not been declared to be such by statute.

2. A hospital is not a nuisance *per se* (following *French* v. *Association for Works of Mercy*, 39 App. D. C. 406), but, on the contrary, is a very necessary institution under our civilization, and, if properly conducted, is entitled to encouragement and support.

3. So much of section 13 of the regulations promulgated by the Commissioners of the District of Columbia under the Act of Congress of April 20, 1908 (35 Stat. at L. 64, chap. 148) requiring private hospitals in the District of Columbia to be licensed, as attempts to clothe the Commissioners with power to determine whether a hospital licensed under that act is a nuisance, is void, the existence or nonexistence of a nuisance being a judicial question; and an attempted revocation by them of such a license based upon their previous determination that the licensee was a nuisance will not support a prosecution of the licensee in the police court for maintaining a hospital without a license. (Distinguishing *District of Columbia* v. *Wilson*, 44 App. D. C. 265; *Richards* v. *Davison*, 45 App. D. C. 395; and citing *United States* v. *West*, 34 App. D. C. 12.)

4. The acceptance by a private hospital of a license under the Act of Congress of April 20, 1908, requiring all such hospitals in the District of Columbia to be licensed, does not estop the licensee from questioning the validity of a regulation promulgated by the Commissioners under that act before the issuance of the license.

No. 3011. Submitted April 2, 1917. Decided November 12, 1917.

IN error to the Police Court of the District of Columbia.

*Judgment reversed.*

Note.—For a discussion of the question as to whether a hospital is a nuisance, see notes in 29 L.R.A.(N.S.) 49, and 52 L.R.A.(N.S.) 1032.

The Court in the opinion stated the facts as follows:

This case comes here on writ of error to the police court of the District of Columbia, and really involves the action of the Commissioners of the District in revoking the license of the plaintiff in error to conduct a private hospital.

The Act of April 20, 1908 (35 Stat. at L. 64, chap. 148), provides that no person shall establish or maintain in the District of Columbia any private hospital or asylum, either for human beings or domestic animals, "unless or until licensed by the Commissioners of said District." Section 2 of the act makes it the duty of the health officer of the District, and such agents and employees in the service of the health department as may be designated for that purpose, to enforce the provisions of the act and all regulations made by authority thereof. See *French* v. *Association For Works of Mercy,* 39 App. D. C. 406, 409. Section 3 provides that violations of any of the provisions of the act or any regulations made thereunder shall be punished by a fine or by imprisonment, or both, in the discretion of the court. Section 4 reads as follows: "That the Commissioners of the District of Columbia be, and they are hereby, authorized and empowered to promulgate from time to time such regulations as in their judgment public interests require to govern the establishment and maintenance of private hospitals and asylums, * * * and to regulate the issue, suspension, and revocation of license aforesaid."

Under the authority assumed to be conferred by the above act, the Commissioners promulgated regulations governing the establishment and maintenance of private hospitals and asylums, whether for human beings or domestic animals, and also governing the issue or revocation of licenses for such hospitals and asylums. Section 13 of those regulations reads as follows: "That whenever it is made to appear to the satisfaction of the Commissioners that any private hospital or asylum, either for human beings or for domestic animals, is a menace to the lives, limbs, health, or morals of the inmates thereof, or is a nuisance to the neighborhood, or is conducted contrary to the provisions

of these or other regulations, or of law, the Commissioners shall give notice to the licensee, requiring him within a period specified in said notice to show cause why his license should not be revoked; and unless such cause be shown to their satisfaction, said Commissioners will revoke said license."

Thereafter, on March 24, 1914, the plaintiff in error applied for and was granted a license to maintain. a private hospital for human beings at Chevy Chase, in the District of Columbia, the number of inmates in such hospital not to exceed nine.

On January 20, 1915, the Commissioners of the District caused to be served on plaintiff in error the following notice: "Whereas, certain citizens of Pinehurst, in the District of Columbia, have filed a petition with the Commissioners of the District of Columbia, alleging certain facts which they claim show that the Chevy Chase Sanatorium at Pinehurst, D. C., is a nuisance to the neighborhood and in violation of section 13 of the regulations governing the establishment and maintenance of private hospitals and asylums, and that its maintenance is a menace to the life and health of the residents of the Chevy Chase section, it is ordered that the Chevy Chase Sanatorium show cause in writing on or before the 29th day of January, 1915, why the license heretofore granted to it should not be revoked; provided, a copy of this order shall be served on said Chevy Chase Sanatorium and on Benjamin R. Logie by mailing a copy thereof to it and him, together with a copy of the said petition on or before the 20th day of January, 1915."

The Sanatorium appeared at the time fixed for the hearing, and filed objections to the jurisdiction of the Commissioners to proceed, for the reason, among others, that the right to promulgate regulations does not give to the Commissioners power to determine for themselves whether or not in a given case a nuisance exists, that being a judicial question solely for the determination of the courts. Testimony was taken and transmitted to the Commissioners, who thereupon, on December 30, 1915, made the following order:

"The Commissioners, having carefully considered the testimony taken under the rule to show cause, and the briefs filed

by respective counsel, have unanimously arrived at the conclusion that the Chevy Chase Sanatorium, now being conducted as a private hospital under a license issued by the said Commissioners, is a nuisance to the neighborhood; wherefore it is, this 30th day of December, 1915, ordered, that the license for said Chevy Chase Sanatorium, Incorporated, at lot 89, square 2349, heretofore granted, to conduct a private hospital for human beings at the said location, be, and the same is hereby, revoked, and annulled," etc.

Thereafter an information was filed in the police court charging plaintiff in error with maintaining a private hospital without a license. Upon the hearing the prosecution introduced in evidence the facts hereinbefore set forth, and that the Sanatorium then was being maintained as a private hospital. Plaintiff in error offered to prove that since the granting of its license on March 24, 1914, it had expended money and incurred obligations amounting in the aggregate to $50,000, and that it had been so conducted that it was not and had not been in any sense a nuisance, hurt, inconvenience, or damage to any person living in the neighborhood; that it had done and committed no act which in any sense could be said to have constituted it a nuisance to the neighborhood or to any person or persons whatsoever. To this offer an objection was interposed on the ground that the order of the Commissioners was conclusive "as showing that the said defendant was a nuisance," and, the objection being sustained, an exception was noted. Thereupon the defendant rested and moved the court to rule as matter of law that said regulation No. 13 is void because it attempts to vest in the Commissioners the right and power to determine a judicial question, namely, what is a nuisance, and to base a forfeiture or revocation of a licensee's license upon such determination. The plaintiff in error further requested the court to rule as matter of law that the so-called order of revocation was void because based upon a void regulation, but the court refused so to rule, and exceptions were noted. Thereupon the court was asked to rule as matter of law that the plaintiff in error was not guilty, for the reasons above set forth.

This the court declined to do, but, on the contrary, ruled as matter of law that plaintiff in error was guilty.

Mr. J. J. Darlington and Mr. Charles Cowles Tucker (Mr. Edward S. Bailey, Mr. J. Miller Kenyon, and Mr. H. B. F. Macfarland being of counsel) for the appellant:

1. Where a statute confers a special jurisdiction, either unknown to the common law or contrary to it, it is invariably to be construed strictly. This principle applies even to the case of special courts, or where special jurisdiction is vested in courts general in their character. Foster v. Glazner, 27 Ala. 391, 397; Prentiss v. Parks, 65 Me. 562; Northcutt v. Lemery, 8 Or. 322; Fergeson v. Jones, 17 Or. 204; Shreveport v. Daiss, 111 La. 513; Reeves v. Conger, 141 S. W. 439.

2. The act of Congress in question authorizes the Commissioners to promulgate regulations, and nothing more. The enforcement of such regulations is committed, not to them, but by section 2 of the act, in express terms, to the health officer.

Therefore in so far, at least, as regulation No. 13 undertakes to commit to the Commissioners, instead of the health officer, the power of revoking licenses, it is void. That section 2 imposes upon the health officer the duty of inspection, and of enforcing the provisions of the act and regulations thereunder, is declared by this court in French v. Association for Works of Mercy, 39 App. D. C. 409.

Indeed, it might admit of question whether the act of 1908 could have been sustained as valid, had it authorized the Commissioners both to promulgate regulations and to adjudicate forfeitures under them. See Lanfear v. Mayor, 4 La. 97; Hooper v. Creager, 84 Md. 195.

3. The Commissioners had no power to promulgate regulation No. 13, providing for the revocation of licenses when a licensed hospital should appear to them to be a nuisance to the neighborhood, as the authority to decide when a nuisance exists is a judicial function. Yick Wo v. Hopkins, 118 U. S. 356, and Yates v. Milwaukee, 10 Wall. 497; Re Sam Kee, 31 Fed.

680; *Ex parte Whitwell,* 98 Cal. 73; *Re Hong Wah,* 82 Fed. 623; *Stoutenburgh* v. *Hennick,* 129 U. S. 141; *Cotting* v. *Kansas City Stock Yards Co.* 183 U. S. 79; *Dobbins* v. *Los Angeles,* 195 U. S. 223; *Interstate Commerce Commission* v. *Louisville & N. R. Co.* 227 U. S. 88, 91; *Shreveport* v. *Daiss,* 111 La. 513; *United States ex rel. Daly* v. *Macfarland,* 28 App. D. C. 552; *Heise* v. *Columbia,* 6 Rich. 404; *Hutton* v. *Camden,* 39 N. J. L. 122; *Manhattan Co.* v. *Van Keuren,* 8 C. E. Green, 251; *Avis* v. *Vineland,* 56 N. J. L. 474; *Grossman* v. *Oakland,* 30 Or. 478; *Quintini* v. *Board of Aldermen,* 64 Miss. 483; Wood, Nuisances, sec. 740; Cooley, Const. Lim. 7th ed. page 883; *State* v. *Mott,* 61 Md. 297; opinion by Alvey, C. J.; *Chicago R. Co.* v. *Joliet,* 79 Ill. 44; *Hagerstown* v. *B. & O. R. Co.* 107 Md. 188; *Everett* v. *Council Bluffs,* 46 Iowa, 66; 1 Am. & Eng. Enc. Law, 2d ed. 88; *Hennesy* v. *St. Paul,* 37 Fed. 565. In every case in which it has been held that a municipal corporation has the power summarily to abate a nuisance, it will be found that the nuisance in question was a common-law nuisance, or a nuisance *per se,* or that there had been a prior judgment by a court of law that a nuisance existed. See *Denver* v. *Mullen,* 7 Colo. 345; *Re Smith,* 143 Cal. 368; *Re McCapes,* 157 Cal. 26; *Indianapolis* v. *Miller,* 168 Ind. 285.

4. If the regulation in question was void, the alleged order of revocation, being based upon it, was equally void and of course its invalidity may be shown in any proceeding, direct or collateral. There can be no direct attack on its validity, because no appeal lies from the alleged order of revocation, and therefore the only proceeding in which its validity can be considered or determined is a collateral proceeding. *Thompson* v. *Whitman,* 18 Wall. 457; *Windsor* v. *McVeigh,* 92 U. S. 274; *Wilson* v. *Walker,* 109 U. S. 258; *Karrick* v. *Wetmore,* 25 App. D. C. 415, S. C. 205 U. S. 141; *United States* v. *West,* 34 App. D. C. 12; *United States* v. *West,* 34 App. D. C. 17; *Doolan* v. *Carrigan,* 125 U. S. 618; *Royall* v. *Virginia,* 116 U. S. 572, and *Sands* v. *Edwards,* 116 U. S. 585.

5. The acceptance by the plaintiff in error of the license did not estop it to question the validity of the regulation which

theretofore had been promulgated. *W. W. Cargill Co.* v. *Minnesota,* 180 U. S. 452.

6. As is said by this court in *French* v. *Association for Works of Mercy,* 39 App. D. C. 412, "a hospital is not a nuisance *per se;*" nor a nuisance at all if not conducted so as to constitute one. See also *Barnard* v. *Sherley,* 135 Ind. 547, and *Bessonies* v. *Indianapolis,* 71 Ind. 189.

*Mr. Conrad H. Syme, Corporation Counsel,* and *Mr. P. H. Marshall,* Assistant, for the defendant in error:

1. The regulation in question is a valid exercise of the powers conferred upon them by sec. 4 of the Act of 1908. *Lieberman* v. *Van De Carr,* 199 U. S. 552; *District of Columbia* v. *Wilson,* 44 App. D. C. 265; *Rudolph* v. *United States,* 37 App. D. C. 455; *Rudolph* v. *Golden,* 39 App. D. C. 230; *United States ex rel. Daly* v. *Macfarland,* 28 App. D. C. 552; *Richards* v. *Davidson,* 45 App. D. C. 395; *United States ex rel. Schwerdtfeger* v. *Brownlow;* 45 App. D. C. 412. In the following cases individuals or boards have been held vested with discretion to determine matters of fact, and to control the rights of individuals to pursue occupations: A mayor, as to the fitness of a man to sell cigarettes (*Gundley* v. *Chicago,* 177 U. S. 187) ; a board, as to the qualifications of a man to sell liquor (*Crowley* v. *Christensen,* 137 U. S. 86) ; the Postmaster General, to pass upon the question of fraud as a fact in the use of the mails (*American School of Magnetic Healing* v. *McAnnulty,* 187 U. S. 94) ; a major of police, to grant a permit to discharge firearms (*District of Columbia* v. *Lewis,* 26 App. D. C. 133) ; a board of supervisors, to pass upon the fitness of a physician to practise his profession (*Czarra* v. *Board of Medical Supervisors,* 25 App. D. C. 433).

The above matters are quite as judicial in their natures as is the question whether a hospital is being conducted as a nuisance in the neighborhood in which it is located.

2. Where a thing may or may not be a nuisance, depending upon the manner in which it is used or operated, the action of

a discretionary board in holding it to be one is not reviewable. *Harmison* v. *Lewiston*, 46 Am. St. Rep. 893. See also *North Chicago City R. Co.* v. *Lakeview*, 105 Ill. 207; *Baumgartener* v. *Hasty*, 100 Ind. 575; *Kennedy* v. *Board of Health*, 2 Pa. St. 366; *Green* v. *Savannah*, 6 Ga. 1; *Worcester* v. *Addicks*, 9 Phila. 145; *Quigley* v. *Boston*, 100 Mass. 546; *St. Louis* v. *Sterns*, 3 Mo. App. 48.

3. The regulation in question is a proper exercise by the commissioners of the power conferred upon them to revoke licenses. In none of the cases cited by the plaintiff in error had there been a trial of the matters of fact, after notice to the party concerned, and his participation in the hearings, such as took place in the Gillott, Wilson, Ozarra, Davidson, and Schwerdtfeger cases in this court, and in the Lieberman Case in the Supreme Court of the United States.

4. The Sanatorium is estopped to question the right of the Commissioners to revoke its license. When the Sanatorium made application for its license, the regulation governing the revocation of licenses had been promulgated. As this regulation was made pursuant to authority conferred by statute, the hospital was put upon notice of the existence of the regulation (*Ballinger* v. *United States*, 33 App. D. C. 302). And when it accepted its license it assented to all regulations then in force, and cannot now be held to question their validity. *Schwuchou* v. *Chicago*, 68 Ill. 444.

In addition to the authorities already mentioned, we cite the following upon the question of the propriety of the regulation in the instant case: *Meffert* v. *Packer*, 66 Kan. 710; *Miller* v. *Sergeant*, 37 N. E. 418; *Cronin* v. *People*, 82 N. Y. 318; *Child* v. *Bemus*, 117 R. I. 230; *State* v. *Columbia*, Rich. L. 404; *Lawton* v. *Steele*, 156 U. S. 133; *R. R.* v. *Triadelphia*, 4 L.R.A. (N.S.) 328; *People ex rel. Norder* v. *Sewer Commission*, 90 App. Div. 555.

Mr. Justice Robb delivered the opinion of the Court:

The notice served upon the Sanatorium by the Commission-

ers, requiring it to show cause why its license should not be revoked, does not charge misrepresentation or bad faith on its part in obtaining a license, nor does it charge a violation of any of the many regulations governing the conduct of such an institution. It was charged with being "a nuisance to the neighborhood and in violation of section 13 of the regulations governing the establishment and maintenance of private hospitals and asylums, and that its maintenance is a menace to the life and health of the residents of the Chevy Chase section." The Commissioners, after considering the evidence, reached the conclusion that the Sanatorium "is a nuisance to the neighborhood." It must be assumed, therefore, that they were not satisfied of any other violation of said section 13 of the regulations, or that the maintenance of the Sanatorium is a menace to the lives and health of the people of Chevy Chase. In other words, the sole basis for the revocation of the license of the Sanatorium was the finding that, as conducted, it was "a nuisance to the neighborhood." Counsel for the District suggest "that a fair and reasonable conclusion must be that the word 'nuisance,' as used in the regulation and in the order of revocation, is used in its colloquial, rather than its technical, sense; * * * that the Board of Commissioners is composed of lay members, who would give to the word 'nuisance' its colloquial and generally understood meaning, rather than its technical, legal definition."

The District, therefore, in effect contends that, after having duly obtained a license and expended thousands of dollars in good faith in reliance thereon, and after having complied with every requirement of the Act of 1908, to which we have referred, and the regulations promulgated thereunder, the Sanatorium may have its license taken away because a board "composed of lay members" conclude that in the colloquial sense the licensee has made itself a nuisance to the neighborhood.

Counsel for the District particularly rely upon *New York ex rel. Lieberman* v. *Van De Carr,* 199 U. S. 552, 50 L. ed. 305, 26 Sup. Ct. Rep. 144; *District of Columbia* v. *Wilson,* 44 App. D. C. 265; and *Richards* v. *Davison,* 45 App. D. C. 395. The

*Lieberman case* involved a section of the Sanitary Code of the
city of New York, making unlawful the sale or delivery of milk
in that city "without a permit in writing from the board of
health, and subject to the conditions thereof." Lieberman's
permit had been revoked by the board of health, but upon what
ground does not appear. The court directed attention to the
opinion of the appellate division of the supreme court of the
State, in which it was said: "Such regulations however, should
be uniform, and the board should not act arbitrarily; and if this
section of the Sanitary Code vested in them arbitrary power to
license one dealer, and refuse a license to another similarly
situated, undoubtedly it would be invalid." After quoting from
the opinion of the Court of Appeals, affirming the decision of the
appellate division, the court said: "We do not think that this
language leaves any question as to disposition of the highest
court of New York to prevent the oppression of the citizen, or
the deprivation of his rights, by an arbitrary and oppressive
exercise of the power conferred. That this court will not inter-
fere because the States have seen fit to give administrative dis-
cretion to local boards to grant or withhold licenses or permits
to carry on trades or occupations, or perform acts which are
properly the subject of regulation in the exercise of the reserved
power of the States to protect the health and safety of its peo-
ple, there can be no doubt." The court later observed: "That
the conferring of discretionary power upon administrative
boards to grant or withhold permission to carry on a trade or
business which is the proper subject of regulation within the
police power of the State is not violative of rights secured by the
14th Amendment." After directing attention to the fact that
the record failed to show why the permit which had been grant-
ed was revoked, or the conditions upon which a permit to carry
on the business was granted or withheld, the court said: "There
is nothing in the record to show that the action against him
[Lieberman] was arbitrary or oppressive and without a fair
and reasonable exercise of that discretion which the law reposed
in the board of health." The difference between that case and
the present is, we think, very clear. There the court was asked

to presume arbitrary action on the part of a quasi judicial body in passing upon questions of fact, and in exercising a discretion within the power of the State to confer. Here, on the contrary, the Commissioners have left no room for doubt as to the ground of their decision, namely, that the Sanatorium "is a nuisance to the neighborhood;" and if, as contended by the plaintiff in error, they were without jurisdiction to determine that question, there was no room for the exercise of discretion, and their action must be characterized as arbitrary, oppressive, and void.

In *District of Columbia* v. *Wilson,* the excise board of the District had granted a license to sell intoxicating liquors to a social club, after determining that its clubhouse was not located in a residence section of the District or on the side of a square where 50 per cent of the foot frontage is devoted to business purposes, within the meaning of sec. 9 of the Act of Congress of March 4, 1913. In other words, the board had determined a pure question of fact which had been intrusted to it for determination, and had issued a license based upon that finding. This court held that a license thus issued could not be collaterally attacked in a proceeding brought in the police court by the District Commissioners, against the club, by information based upon the theory that the license so issued was void because the board erred in its findings of fact. This court, through Mr. Justice Van Orsdel, speaking of the powers and jurisdiction of the board, said: "Manifestly, the board would exceed its jurisdiction if it granted a license to sell liquor within prohibited territory expressly described. Such a license would be totally void. But that is not this case."

Nor is the decision in the *Richards Case* any nearer in point. In that case the Commissioners had refused to renew a license to the proprietor of a dance hall, acting under a regulation made in pursuance of an act of Congress which expressly empowered them not merely to refuse to renew, but to terminate a license when it appeared to them that, after due notice, the licensee had failed to comply with such regulations as might be prescribed by the Commissioners for the public decency. It did not appear

that, in determining this question of fact, the Commissioners had acted capriciously or arbitrarily.

The question here at issue has received the careful attention of courts of last resort. In *Yates* v. *Milwaukee,* 10 Wall. 497, 19 L. ed. 984, the court said: "But the mere declaration by the city council of Milwaukee that a certain structure was an encroachment or obstruction did not make it so, nor could such declaration make it a nuisance *unless it in fact had that character.* [Italics ours.] It is a doctrine not to be tolerated in this country, that a municipal corporation, without any general laws either of the city or of the State, within which a given structure can be shown to be a nuisance, can, by its mere declaration that it is one, subject it to removal by any person supposed to be aggrieved, or even by the city itself. That would place every house, every business, and all the property of the city, at the uncontrolled will of the temporary local authorities." In other words, the court there ruled that the question of nuisance or obstruction must be determined by general laws, and that it is not competent for municipal authorities to declare any particular business or structure a nuisance, and enforce their decision at will.

In *Hutton* v. *Camden,* 39 N. J. L. 122, 23 Am. Rep. 203, the board of health had made a finding that a nuisance existed on Hutton's property, had proceeded to abate it, and then had attempted to collect the amount expended. The court said: "Assuming the power in this board derived from the legislature, to adjudge the fact of the existence of a nuisance, and also assuming such jurisdiction to have been regularly exercised, and upon notice to the parties interested, still, I think, it is obvious that in a case such as that before this court, the finding of the sanitary board cannot operate, in any respect, as a judgment at law would, upon the rights involved. It will require but little reflection to satisfy any mind accustomed to judge by legal standards, of the truth of this remark. To fully estimate the character and extent of the power claimed, will conduct to its instant rejection. The authority to decide when a nuisance exists is an authority to find facts, to estimate their force, and

apply rules of law to the case thus made. This is a judicial function, and it is a function applicable to a numerous class of important interests   \*   \*   \*   The finding of a sanitary committee, or of a municipal council, or of any other body of a similar kind, can have no effect whatever, for any purpose, upon the ultimate disposition of a matter of this kind   \*   \*   \*   I repeat that the question of nuisance can conclusively be decided, for all legal uses, by the established courts of law or equity alone, and that the resolutions of officers, or of boards organized by force of municipal charters, cannot, to any degree, control such decision."

In *Grossman* v. *Oakland,* 30 Or. 478, 36 L.R.A. 593, 60 Am. St. Rep. 832, 41 Pac. 5, it was held that under a charter giving to the city the power to prevent and restrain nuisances, and "to declare what shall constitute a nuisance," an ordinance prohibiting a railroad company from fencing its track in the platted portion of the city and declaring such fence a nuisance is void, since the city cannot assert a particular use of property to be a nuisance unless such use comes within the common-law or statutory idea of a nuisance, or is so in fact. That a plea of guilty had been entered was held to be immaterial, inasmuch as the ordinance was void under which the prosecution was brought. See also *Reg.* v. *Nunn,* 10 Ont. Pr. Rep. 395; *Davis* v. *Davis,* 40 W. Va. 464, 21 S. E. 906; *Laugel* v. *Bushnell,* 197 Ill. 20, 58 L.R.A. 266, 63 N. E. 1086; *Chicago* v. *Chicago & O. P. Elev. R. Co.* 250 Ill. 486, 95 N. E. 456; *State* v. *Whitlock,* 149 N. C. 542, 128 Am. St. Rep. 670, 63 S. E. 123, 16 Ann. Cas. 765; *Quintini* v. *Bay St. Louis,* 64 Miss. 483, 60 Am. Rep. 62, 1 So. 625; *State* v. *Mott,* 61 Md. 297, 48 Am. Rep. 105, and *Hagerstown* v. *Baltimore & O. R. Co.* 107 Md. 178, 126 Am. St. Rep. 382, 68 Atl. 490, in the latter of which it was said: "It is well settled that a municipality has no power to declare a thing a nuisance which is not such at common law, or has not been declared to be such by statutes."

Coming back to the case before us, it appears that the Commissioners of the District have assumed jurisdiction and power to decide that the private hospital conducted by the plaintiff

in error "is a nuisance to the neighborhood," and that in a collo-quial sense. And yet such an institution is not *per se* a nuisance and, as such, to be placed under the ban of the law. *French* v. *Association for Works of Mercy,* 39 App. D. C. 406. On the contrary, it is very necessary under our civilization and, if properly conducted, entitled to encouragement and support. *Barnard* v. *Sherley,* 135 Ind. 547, 24 L.R.A. 568, 41 Am. St. Rep. 454, 34 N. E. 600, 35 N. E. 117. There is neither a stat-ute nor a regulation specifying what acts or omissions on the part of such an institution will constitute it a nuisance. We must assume, as above stated, that it has complied with the law and the regulations governing the conduct of such an institution. The statute not only clothes the Commissioners with authority to promulgate regulations, but declares that failure to comply with any of the provisions of the Act of 1908, or of the reg-ulations promulgated thereunder, shall constitute an offense punishable by fine or imprisonment or both. Plaintiff in error, having complied with both the provisions of the law and the regulations promulgated thereunder, of course was not subject to prosecution. And yet the Commissioners, without any rule or standard to guide them, have presumed to decide that plain-tiff in error has conducted a nuisance. This we think they were without jurisdiction to do. To rule otherwise would make it possible for one conclusion by the present Commissioners con-cerning this institution and a different conclusion by another Board of Commissioners, upon the same set of facts, concern-ing a similar institution. Indeed, it would make possible in-consistent decisions by the same Board concerning institutions similarly situated, for while the Board might brand as a nuis-ance an institution located in Chevy Chase, it might conclude that such an institution would be highly desirable in different surroundings, although one institution would be as much en-titled to protection under the law as the other. But, after all, as remarked by the court in the *Hutton Case,* 39 N. J. L. 122, 23 Am. Rep. 203, the real infirmity in such proceedings lies in the attempt by the municipal authorities conclusively to deter-

mine a question which may be determined by the established courts of law or equity alone.

We rule, therefore, that said section 13 of the regulations, in so far as it attempts to clothe the Commissioners with power to determine what is a nuisance, is void, and that the action of the Commissioners in this case was void and of no effect.

The action of the Board being void, and plaintiff in error, so far as the record discloses, having fully complied with the law, was not subject to prosecution based upon the illegal action of the Board. *Royall* v. *Virginia,* 116 U. S. 572, 583, 29 L. ed. 735, 738, 6 Sup. Ct. Rep. 510; *United States* v. *West,* 34 App. D. C. 12.

It is suggested that plaintiff in error, by accepting the license issued when the above regulations were in force, is estopped to question their validity. The answer to that question is found in *W. W. Cargill Co.* v. *Minnesota,* 180 U. S. 452, 45 L. ed. 619, 21 Sup. Ct. Rep. 423. By accepting a license, plaintiff in error did not make valid that which plainly was invalid.

The judgment is reversed, with costs, and the cause remanded, with directions to dismiss the complaint.                    *Reversed.*

Mr. Justice Hitz, of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in the place of Mr. Chief Justice Shepard.