**UNITED STATES of America,**
**Plaintiff,**

v.

**John PUNCSAK, a/k/a John Thomas Ryan, Defendant.**

**Crim. No. 3488.**

District Court, Alaska
Third Division, Anchorage.
Nov. 29, 1956.

William T. Plummer, U. S. Atty., Anchorage, Alaska, for plaintiff.

Peter J. Kalamarides, of Kalamarides & Kirkland, Anchorage, Alaska, for defendant.

McCARREY, District Judge.

On the 23rd day of July, 1956, a Complaint was filed in the United States Commissioner's office for the Anchorage Precinct, by Donald A. Burr, Assistant United States Attorney, against the defendant, John Puncsak a/k/a John Thomas Ryan, charging him with the crime of being drunk and disorderly at a local nightclub known as "Ace in the Hole" at or near Anchorage, Alaska.

The defendant was found guilty and a judgment was entered on the 25th day of July, 1956, sentencing him to "jail" for a term of three months. In this proceeding the Commissioner sat as the Justice of the Peace under the law of the Territory of Alaska, 52–1–1, 54–4–3, A.C.L.A.1949.

While serving this sentence in the facilities of the Alaska Jail System, which is a service of the Bureau of Prisons, Department of Justice, the defendant escaped. He was later apprehended and charged with violation of 18 U.S.C. § 751.

In conformance with the law the defendant waived his right to indictment and pled guilty, against the advice of his counsel which may have been motivated by the fact that his wife had a very remote connection with the assisting of his escape in violation of 18 U.S.C. § 751, to an Information which charged:

"That on or about August 22nd, 1956, at Anchorage, Third Judicial Division, Territory of Alaska, John Puncsak, also known as John Thomas Ryan, being then and there in the custody of the Bureau of Prisons an authorized representative of the Attorney General, and having been committed to the custody of the Bureau of Prisons by virtue of a conviction of Section 65–10–3, A.C.L.A. 1949, did wilfully, unlawfully and feloniously escape from the custody of the Bureau of Prisons."

The defendant was sentenced to serve a period of two years and is presently committed under that sentence.

While the defendant was serving his time under the violation of the Federal Statute, he made a motion, within the time limitation of Rule 35, Fed.R.Cr.P., 18 U.S.C., through his counsel to vacate the Judgment, Sentence and Commitment imposed by the Court under the crime charging him with escape, for the following reasons:

"(1) The sentence was imposed in violation of the Constitution;

"(2) The sentence was imposed in violation of the Laws of the United States of America; and

"(3) That the Court was without jurisdiction to impose such sentence."

The motion was brought under 28 U.S.C. § 2255, more commonly refered to as the "joy ride statute".

Defendant's principal contention is that the penalty for violation of 65–10–3, A.C.L.A.1949 is not commitment to the Attorney General, but confinement in "jail". That "jail", according to 65–2–13, A.C.L.A.1949, is a "county jail". Read in connection with other references and sections of the Alaska Compiled Laws on the subject, he argues, this "jail" can be any "house, building, struc-

ture, ship, or vessel used or suitable for the confinement of persons serving sentences for crime * * * " under the control of the United States Marshal. See 65–2–14, A.C.L.A.1949 and 54–5–2, A.C.L.A.1949. Since the defendant was not committed to the Attorney General, he states his escape was not a violation of 18 U.S.C. § 751.

Counsel points out that the formal judgment of conviction prescribed by the Legislature defines the imprisonment and provides, "the county jail", 69–4–5, A.C.L.A.1949. He argues that the Marshal can prescribe such place of confinement under 65–2–13, supra, as he sees fit and since there isn't a "county jail" in the Territory of Alaska, the arrangements between the United States Marshal and the Bureau of Prisons is on a contractual basis and one of convenience and necessity.

He further argues that the United States Commissioner, acting as Justice of the Peace, supra, does not have authority to commit the defendant to the Attorney General of the United States of America. Therefore, since the defendant was never actually in the legal custody of the Attorney General he could not commit the offense charged in the Information.

The United States Attorney takes the opposite position and argues that since the defendant was in actual physical custody of the Attorney General through the Bureau of Prisons at the time of the escape he was in violation of 18 U.S.C. § 751. He further argues that since the defendant entered a plea of guilty to the offense he cannot now make the motion to vacate the judgment and sentence.

▪ I am of the opinion that the law is fairly well established that physical and legal custody are two different matters as far as the violation of 18 U.S.C. § 751 is concerned. Giles v. United States, 9 Cir., 1946, 157 F.2d 588. The Appellate Court established in this case that one could be in the legal custody of the Attorney General when he was not in

actual physical custody. It is just as reasonable to hold that one could be in the physical custody of the Attorney General without actually being in his legal custody.

In Huff v. O'Bryant, 1941, 74 App.D.C. 19, 121 F.2d 890, the petitioner was confined in an institution maintained by the Bureau of Prisons for delinquent juveniles. The Attorney General, pursuant to the authority granted in him in 18 U.S.C. § 4082, transferred the petitioner to another institution. The Circuit Court held that although the juvenile was confined within an institution maintained by the Bureau of Prisons, the Attorney General was without power to transfer the petitioner to another institution as he might other prisoners that were confined within his legal and physical custody. Under this ruling the Juvenile Court of the District of Columbia had sole control over the petitioner; it was a matter of local concern handled under local law.

I am of the opinion that the same could be said in the case now before the court. It would be very difficult to argue and maintain that the Attorney General was authorized to transfer a prisoner convicted of a misdemeanor to McNeill Island for the duration of his sentence. It is equally untenable to argue that merely because Bureau of Prisons facilities are used for the confinement of the defendant on a contractual basis, in that the United States Marshal is without facilities to confine offenders, that the judgment of the Justice placed the defendant in the custody of the Attorney General. It is most unjust to sentence a defendant for a violation of a very serious offense, which is only made serious because he was in the physical custody of the Bureau of Prisons, when in fact the original offense is considered minor. I do not believe that Congress intended this in the passage of 18 U.S.C. § 751. Congress, in the second clause of 18 U.S.C. § 751, concerning escape prior to conviction, differentiates, based on the degree of the original offense in pre-

scribing the punishment for escape. The same result is achieved under the Territorial Statutes in 65–7–9, A.C.L.A. 1949.

■■ The only logical conclusion at which I am able to arrive after consideration of this case is that the defendant was never in the custody of the Attorney General for the purposes of 18 U.S.C. § 751. He was merely detained in the Alaska Jail System by the officers of the Department of Justice through an arrangement with the Territorial officials. He was sentenced to "jail" by the Justice and that "jail", under 65–2–13, supra, could be any place prescribed by the appropriate officer, in this case the United States Marshal.

Now, to the second point raised by the United States District Attorney, which is, that the plea of guilty entered by the defendant precludes him from raising the motion to vacate the judgment.

■ Entry of a plea of guilty admits all the facts pleaded, but does not admit that these facts constitute a crime. 14 Am.Jur. 953, and I quote "(By pleading guilty, the defendant) * * * admits only the acts charged and is not precluded from claiming that such facts do not constitute a crime". In Nicholson v. United States, 8 Cir., 1935, 79 F.2d 387, 389, the court stated, " * * * The defendant who pleads guilty to an indictment still has left to him the objection that the indictment does not allege the essential ingredients of the crime with which he is charged. Oesting v. United States, 9 Cir., 234 F. 304."

In the case of Grossman v. City of Oakland, 1895, 30 Or. 478, 41 P. 5, 6, 36 L.R.A. 593, the court stated, " * * * The plea of .guilty is only an admission that the defendant committed the acts charged in the complaint, and, unless such acts constitute an offense, or are in violation of some valid ordinance of the city, his admission was not material, and he waived nothing thereby [citation]".

In the case of People ex rel. Sherwood v. City of Buffalo, 1926, 127 Misc. 290, 216 N.Y.S. 468, 471, the court stated, " * * * By their pleas of guilty * * * do not and cannot make criminal what is not a crime, nor unlawful what is not unlawful [citation]".

■ I am, therefore, of the opinion that the defendant's plea of guilty does not preclude him from later asserting that the admitted facts do not constitute the crime charged. Unquestionably this is the general rule. Brandon v. Webb, 1945, 23 Wash.2d 155, 160 P.2d 529; State v. Dawn, 1925, 41 Idaho 199, 239 P. 279; Annotation 42 A.L.R.2d 1014; 22 C.J.S., Criminal Law, § 425, p. 658.

The possible consequences naturally resulting from the gravamen of this decision granting the motion to vacate were called to the Court's attention by the District Attorney and are keenly felt and fully understood by the Court. I have no doubt that the persent arrangements of confinement for Territorial misdemeanors will be subject to considerable change. After the Huff case supra, Congress amended the applicable law to include the specific offenders. They certainly have the power to so act in this case. However, a consideration of appropriate legislative action is beyond the province of this court.

I am of the opinion that the rights of the individual should not be reduced nor restricted regardless of the costs and inconvenience to society as a whole, and, therefore, I am constrained to grant the motion to vacate and set aside the Judgment, Sentence and Commitment which I hereby do.