294

District Court, S. D. Florida. June 27, 1929.

No. 3343.

Farris & Myerson, of Jacksonville, Fla., for petitioner.

William A. Paisley, Asst. U. S. Atty., of Jacksonville, Fla., for respondent.

JONES, District Judge. On June 13, 1929, A. H. Weathers, hereinafter referred to as petitioner, applied to this court for, and was granted, a writ of habeas corpus, directed to the marshal for this district, requiring him to produce the body of said petitioner before this court on June 14, 1929, and there to show the cause for his detention.

The marshal complied with the writ and in his return thereto, amongst other things, states that the petitioner was detained because the marshal was informed and believed that said petitioner had violated a conditional commutation granted him by the President of the United States, as referred to in the original petition; that the marshal was informed and believed that a presidential warrant had been, or would be, issued for the apprehension and return of the said petitioner to the United States Penitentiary in Atlanta, Ga., for having violated the conditions of the commutation.

With the consent of the parties, the hearing was continued until June 24th, at which time the marshal filed an amended return, setting forth that the said petitioner was detained by him upon the authority of a presidential warrant ordering the marshal to apprehend the said petitioner and return him to the United States Penitentiary in Atlanta, Ga.; a copy of said presidential warrant being attached to the amended return.

The petitioner filed at this time a motion to quash the return and the amended return of the marshal on the ground, amongst others, that the said presidential warrant is null and void, for the reason that the Presi-

dent of the United States is without power, or right, in law to revoke the commutation hereinbefore granted this petitioner; the conditions attached to said commutation being mere surplusage, and therefore void.

The case was heard upon the pleadings hereinabove referred to. The document referred to in these pleadings as a commutation was issued by the President of the United States on the 16th day of July, A. D. 1927, under the terms of which:

The President of the United States commutes "the sentence of the said A. H. Weathers to expire at once, on the following conditions: That hereafter he shall commit no crime punishable under the laws of the United States, or of any State or Territory of the United States; shall abstain from the possession and use of intoxicating liquor; shall not associate with persons of evil character; shall lead an orderly, industrious life; shall work and reside where the Attorney General of the United States, through the Superintendent of Prisons of the Department of Justice, shall direct; shall maintain and support his divorced wife and their children to the satisfaction of the Attorney General, and shall report his residence and occupation to the said Superintendent of Prisons between the first and fifth days of each month until excused therefrom by the Attorney General.

"That this commutation shall be in force only after the said A. H. Weathers by writing, signed by his hand, shall have agreed to keep and perform the conditions upon which it is granted, and only so long as he shall keep and perform them.

"That upon the failure of the said A. H. Weathers to keep and perform the foregoing conditions, as to which fact the judgment of the President of the United States for the time being shall be conclusive, this commutation shall become void and the said A. H. Weathers shall be apprehended upon a warrant issued for that purpose by the President of the United States to any United States Marshal or Deputy United States Marshal, and be forthwith committed to the said penitentiary, there to serve the remainder of his term of imprisonment."

Under date of July 28, 1927, the petitioner signed the following, which is a part of the original document: "I, A. H. Weathers, the person to whom the foregoing commutation is granted, do hereby accept the same, subject to the conditions therein set forth, and I agree to keep, perform, and abide by all said conditions."

It is contended on behalf of the peti-

tioner that the document above quoted from is a commutation and not a pardon, and therefore the President was without authority to attach any conditions thereto; that that portion of the document which commutes the sentence of the petitioner to expire at once is valid, but the conditions which he agreed to comply with are void.

Whatever power the President has in such matters is derived from section 2 of article 2 of the Constitution of the United States, which is as follows: "The President shall * * * have power to grant reprieves and pardons for offenses against the United States, except in cases of impeachment."

This provision of the Constitution has been construed by the Supreme Court of the United States to give the President power to grant pardons and commutations conditionally, and that when such conditions are accepted by the convict, they become binding upon him. U. S. v. Wilson, 7 Pet. 150, 8 L. Ed. 640; Ex parte Wells, 18 How. 307, 15 L. Ed. 421.

The document issued by the President to William Wells, in Ex parte Wells, supra, was a conditional commutation; the order of the President reading: "* * * That is, the sentence of death is hereby commuted to imprisonment for life in the penitentiary of Washington."

In other words, as in the case at bar, the punishment is changed upon a condition, or conditions, named in the document, and as said by the court in the Wells' Case, when the condition was accepted by the convict, it becomes binding upon him.

The petitioner in the instant case need not have accepted the commutation with the conditions attached thereto, but when he voluntarily did so and agreed to comply therewith, they became binding upon him.

I am of the opinion that the President was entirely within his rights in attaching the conditions which he did to the commutation granted the petitioner, and being accepted by him, they are binding.

It is true that the District Court of Connecticut, in the case of Chapman v. Scott, 10 F.(2d) 156, distinguished between a pardon and a commutation, holding that while a pardon to be effective must be accepted by the beneficiary, an unconditional commutation is effective without being accepted, and this was the sole question decided.

The Chapman Case is not in point, for the reason that there were no conditions attached to the commutation of sentence in that case, and the court in the opinion called attention to this very fact, saying: "Chapman has already served a certain amount of his time on the original 25 year sentence of the Court, and the commutation substituted that term for the term which the United States District Court, of the Southern District of New York, imposed, and there is no condition attached to his release."

The other grounds raised in the petition and in the motion to quash, viz., that the presidential warrant is addressed to the warden of the United States Penitentiary at Leavenworth, Kan., and that the same was issued without giving the petitioner an opportunity to be heard, are without merit.

An order will be entered denying the motion to quash and remanding the petitioner to the custody of the marshal to be delivered to the United States Penitentiary at Atlanta, Ga., in accordance with the warrant of the President of the United States.