**HUFF, General Superintendent of District of Columbia Penal Institutions, v. O'BRYANT.**

**No. 7796.**

United States Court of Appeals for the District of Columbia.

Argued March 12, 1941.

Decided April 28, 1941.

Edward M. Curran, U. S. Atty., Bernard Margolius, Asst. U. S. Atty., Alexander Holtzoff, Sp. Asst. to the Atty. Gen., and Herbert A. Bergson, Sp. Atty., all of Washington, D. C., for appellant.

John T. Bonner, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

GRONER, C. J.

This is an appeal by the General Superintendent of the District of Columbia Penal Institutions from a final order of the District Court sustaining a writ of habeas corpus. The question for decision is the validity of the action of the Attorney General in transferring petitioner (appellee) from the National Training School for Boys in the District of Columbia to the District Reformatory at Lorton, Virginia.

A brief history of the case follows. Petitioner on January 7, 1939, being then under eighteen years of age, was brought before the Juvenile Court of the District of Columbia, charged with having violated the law, in that he had broken into a railroad car and committed an offense which if committed by an adult would have been punishable by confinement in a prison. The Juvenile Court found and adjudged petitioner to have violated the law and committed him to the National Training School for Boys of the District of Columbia for the period of his minority. On his commitment he was insubordinate and unruly, and was regarded by the school authorities as a bad influence. Twice he escaped. The superintendent reported to Mr. Bennett, Director of the United States Bureau of Prisons, that petitioner was unsuited for training in an open institution and that he should be committed to an institution of greater security. He was then transferred to the Lorton Reformatory under the purported authority granted the Attorney General in Section 753f, Title 18, U.S.C.A. The District Court was of opinion that the Attorney General was without authority to order the transfer, and directed that petitioner be returned to the training school for the remainder of his minority. The order was stayed until the expiration of fifteen days after the final disposition of this appeal.

■ We are of opinion the decision was correct. There is no doubt that a sentence by a court to a place of detention not authorized by law is void. In re Bonner, Petitioner, 151 U.S. 242, 14 S. Ct. 323, 38 L.Ed. 149, and see cases cited in 76 A.L.R. 510. What is true of the lack of power in a court, and the reasons therefor, is more true in the case of the Attorney General. The statute under which he acted provided: "The Attorney General is also authorized to order the transfer of any person held under authority of any United States statute from one institution to another if in his judgment it shall be for the well-being of the prisoner or relieve overcrowded or unhealthful conditions in the institution where such prisoner is confined or for other reasons." 18 U.S.C.A. § 753f.

We held this section to apply to persons convicted in the United States District Court of offenses committed in the District of Columbia. Story v. Rives, 68 App.D.C. 325, 97 F.2d 182. The government argues that it applies also to persons adjudged by the Juvenile Court to have violated a law, but we think this does not follow. The power of the Attorney General to designate the place of imprisonment of persons convicted of violating federal laws is conferred by the Act of May 14, 1930, 18 U.S.C.A. § 753 et seq. The power of the Juvenile Court to commit the child to a training school or detention home or institution or agency, as in the opinion of the court may be for the best interests of the child, arises under the Act of June 1, 1938, D.C.Code, Supp. V, Title 18, Sec. 251a et seq. The provisions of the two statutes in the respects involved here are wholly unlike. The federal act requires that the person convicted of an offense against the United States be committed to the custody of the Attorney General. The Attorney General may then exercise his discretion as to the place of confinement and may transfer the convict from one place to another. Under the Juvenile Court Act, children are not sentenced to the Attorney General's custody, but the act expressly permits the Juvenile Court (1) to place the child on probation or under supervision in his own home or in the custody of a relative or other fit person upon such terms as the court shall determine; (2) to commit the child to the Board of Public Welfare or to the National Training School or to a qualified, suitable, private institution or agency willing and able to assume the education, care, and maintenance of the child without expense to the public; (3) to make such further disposition of the child as may be provided by law and as the court may deem to be best for the interest of the child, provided that the removal of the child from the custody of his parents shall not be made unless the court is of opinion that his welfare and safety and the protection of the public make such course necessary.

■ All of the provisions of the statute indicate that the Juvenile Court is to control commitment, and Section 251a indicates clearly that the purpose of the act is to provide for the child's welfare, except in unusual cases, without actual detention. The term of commitment, the nature of commitment, and the place of commitment, within the statutory limitations, are all within the exclusive discretion of the Juvenile Court. "When jurisdiction shall have been obtained by the court in the case of any child, such child shall continue under the jurisdiction of the court until he becomes twenty-one years of age unless discharged prior thereto." D.C.Code Supp. V, T. 18, § 256(d). The act expressly provides that the adjudication upon the status of the child shall not be deemed a conviction of a crime, shall not operate to impose civil disabilities, and shall not carry with it the stigma of crime or criminal as in a conviction in a court of criminal law.

In addition to all of this, the Juvenile Court may at any time modify or revoke the order of commitment and return the child to its parents, or may discharge the child from the custody of an institution and in that case, if the child's conduct thereafter makes such a course necessary, may recommit him to the institution from which he has been released. Not only this, but the Juvenile Court has its own department of probation constituted for the purpose of keeping a record of the conduct and treatment of infants subject to that court's orders, all with the object and purpose of placing complete and plenary jurisdiction in that court for the care and custody of the child during his minority.

In view of all this, we are of opinion that the authority of the Attorney Gen-

eral "to order the transfer of any person held under authority of any United States statute" is wholly inconsistent with the authority vested in the Juvenile Court under the subsequent Juvenile Court Act.

Lorton Reformatory, the place designated by the Attorney General to which petitioner should be transferred, is to all intents and purposes an institution of the penitentiary type. Whatever the original purpose in its creation, the fact is that today it is the place of confinement of hardened criminals, "repeaters" and the like, and while it may ultimately happen that it is the only proper place of commitment of this petitioner if his habits and criminal propensities do not cease with his youth, at the present it is not a place to which under existing laws petitioner can be legally transferred by an order of the Attorney General. In short, petitioner, who was under the age of eighteen at the time of his violation of law and the adjudication by the Juvenile Court, was and is for that violation subject to the orders of the Juvenile Court and not to the orders of the Attorney General under the statute invoked in the order transferring him.

The decision of the District Court was correct and should be carried into effect.

Affirmed.