### STROUD v. JOHNSTON, Warden.

#### No. 10527.

Circuit Court of Appeals, Ninth Circuit.

Dec. 10, 1943.

Robert Stroud, in pro. per., for appellant.

Frank J. Hennessy, U. S. Atty., and A. J. Zirpoli, Asst. U. S. Atty., of San Francisco, Cal., for appellee.

Before GARRECHT, DENMAN, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

On the 28th day of June, 1918, the following judgment and sentence was passed on appellant upon conviction of murder in the first degree in the United States District Court for the Northern District of Kansas: "That you be returned [appellant was inmate of prison when he committed murder] to the United States Penitentiary at Leavenworth, Kansas, from whence you came and that you be held there in solitary confinement until Friday, the 8th day of November next, that on that day between the hours of six o'clock A.M. and nine o'clock A.M. you be taken to a place within the walls of the United States Penitentiary at Leavenworth, Kansas, and that you there be hanged, by the Marshal of the District until you are dead  *  *  *."

The case was appealed to the Supreme Court of the United States and the judgment was affirmed. Thereafter, on the 16th day of April, 1920, Mr. Woodrow Wilson, then President of the United States, reviewed the aforesaid sentence to be hanged and commuted the same by subscribing on the face of the regular form: "Commuted to life—Woodrow Wilson."

An order that the sentence should be "served in solitary confinement in the Isolation building within the walls of the United States Penitentiary at Leavenworth, Kansas," was issued April 18, 1920 by the Attorney General.

The appellant was transferred to the United States Penitentiary at Alcatraz, California, December 16, 1942.

Appellant petitioned in the lower court for a writ of habeas corpus which petition was dismissed and filed motions for subpoena duces tecum and a writ of habeas corpus ad testificandum which motions were denied.

Appellant's case is made up of three points:

"Point One: The petitioner is confined by the respondent pursuant to the pretended legal authority of a judgment and sentence so vague, indefinite, uncertain and ambiguous as to be incapable of interpretation by persons of ordinary intelligence, in violation of the due process clause of the Fifth Amendment to the Constitution of the United States. (Pet. p. 15, Rec. p. 22)

"Point Two: The petitioner has been, and is being subjected to cruel and unusual punishment within the meaning of the Eighth Amendment to the Constitution of the United States. (Pet. p. 17, Rec. p. 25)

"Point Three: That petitioner was transferred from the United States penitentiary at Leavenworth, Kansas, to the United States penitentiary at Alcatraz, California, and is being there held, under the pretended legal authority of Section 753f, Title 18 U.S.C.A., an ex post facto law, in violation of Article I, Section 9, Clause 3, and Amendment V of the Constitution of the United States. (Pet. p. 21, Rec. p. 33)"

The lower court found on the basis of appellant's own admission that he was held "in limited solitary confinement" at Leavenworth, Kansas, and that he enjoyed most of the privileges of other prisoners; that on the face of his petition it appears he is not in solitary confinement at Alcatraz and is accorded the same treatment as is accorded other prison inmates; and that it is well settled that the matter of transfer of prisoners from one penitentiary to another is within the discretion of the Attorney General.

Application to appeal to this court in forma pauperis was granted and appellant is appearing here in propria persona.

In an old case, Ex parte Wells, 59 U.S. 307, 18 How. 307, 15 L.Ed. 421, the Supreme Court held that the President of the United States had the power to commute a death sentence to a sentence of life imprisonment or attach any other condition to such commutation. In Ex parte Harlan, C.C., 180 F. 119, 127, it was held that where the original sentence is valid and the President having the power to commute sentences, the commuted sentence cannot be unlawful merely because the statutes do not authorize the courts to fix such punishment in the first instance. In this case, the Attorney General construed the President's commutation to mean solitary confinement for life and the appellant entered upon the service of the sentence and it became binding upon him. Ex parte Weathers, D.C., 33 F.2d 294, 295; also Ex parte Wells, supra, 59 U.S. 307, 18 How. 307, 15 L.Ed. 421.

As to appellant's contention that he is subjected to cruel and unusual punish-

ment within the meaning of the 8th Amendment to the Constitution, the petition for a writ of habeas corpus does not show that he is imprisoned in solitary confinement at Alcatraz or that he is accorded any different treatment from any other prisoner. A writ of habeas corpus is concerned solely with the legality of the prisoner's restraint at the time of the filing of his petition for its issue. Dunlap v. Swope, 9 Cir., 103 F.2d 19.

The murder for which Stroud is now serving sentence in this case was the stabbing of a guard at the United States Penitentiary at Leavenworth where appellant was serving a 12 year sentence. Under these circumstances, if the Attorney General deemed solitary confinement necessary in the case of this appellant who was not only dangerous to society when at large but was dangerous as a prison inmate, the punishment would not appear to be unreasonable.

The contention that Section 753f, Title 18 U.S.C.A. is ex post facto is without merit. See In re Berman, 7 Cir., 80 F.2d 361, where the court held, "Fairly construed as a remedial act, we think it was intended to apply to prisoners confined under sentences pronounced before, as well as after its passage." Also the court in this case held that the right of the Attorney General to transfer prisoners from one Federal penitentiary to another is a matter within his discretion.

There is no merit to the appellant's petition and the decision of the lower court is affirmed.