**RILEY v. PESCOR, Warden.**

No. 3620.

District Court, W. D. Missouri, W. D.

Nov. 13, 1945.

**2**

Petitioner per se.

Sam M. Wear, U. S. Atty., of Springfield, Mo., and Richard H. Musser, Asst. U. S. Atty., of Kansas City, Mo., for respondent.

RIDGE, District Judge.

On October 12, 1945, petitioner filed application for permission to present, in forma pauperis, his petition for writ of habeas corpus. On October 13, 1945, the Court ordered said petition to be filed. At the same time an order to the respondent herein, to show cause why a writ of habeas corpus should not be issued, was entered. On November 5, 1945, respondent filed return to said show cause order.

Petitioner alleges in his petition that he is now confined in the United States Medical Center at Springfield, Missouri; that on January 9, 1942, he was sentenced in the Juvenile Court, Washington, D.C., and at the time sentence was passed on him the sentencing judge stated, in open Court, that petitioner was "sentenced to a term in the National Training School in Washington, D.C., to learn a trade and be considered at a later date for release after learning such a trade." Since he was sentenced he alleges he has learned the trade of a tailor and, having learned such trade, he should, under the sentence that was read to him in Court "automatically

be brought up for consideration of release." After his transfer to the above Medical Center he states that he has learned for the first time that he is being detained under a sentence of five (5) years. He asks this Court to now "test the complete legality" of his original sentence.

The return of respondent, with authenticated copies of the petition, orders and judgment entered of record in the proceedings instituted against petitioner in the Juvenile Court for the District of Columbia, are attached to the return. Said documents reveal that petitioner was proceeded against, and dealt with, pursuant to the Juvenile Court Law of the District of Columbia, 34 Stat. 73, c. 960, as amended by 52 Stat. 596, c. 309, Pub. No. 571, 75th Cong. The last-mentioned law is a progressive and refined Act of Congress creating a Juvenile Court in and for the District of Columbia, outlining in detail the jurisdiction of said Court and procedure for the handling of juvenile matters arising in the District of Columbia. It appears to be a code within itself, providing for child care and guidance, and for the informal trial and disposition of Juveniles who violate the law. It is applicable to any person under the age of eighteen (18) years "who has violated any law; or who has violated any ordinance or regulation of the District of Columbia." Other provisions of said Act, not pertinent herein, make provision for its application to children under eighteen (18) years of age under various other circumstances.

Section 7 of said Juvenile Court Act, supra, authorizes the institution of proceedings thereunder by petition, when a child comes within the provisions of the Act. The authenticated copy of the petition, attached to the return of respondent, conforms, in all respects, to the requirements of the Act. It shows that it was filed in the Juvenile Court for the District of Columbia on the 31st day of December, 1941, and contains allegations which reveal that on November 21, 1941, about 2:00 A.M., petitioner and another boy entered certain described premises in the District of Columbia by breaking a rear window and ransacking the same. Authenticated copies of three orders entered by the Juvenile Court for the District of Columbia, attached to the return, show that on January 3, 1942, petitioner appeared before the Court, unaccompanied, and acknowledged the facts alleged in the above peti-

tion; that thereupon his case was continued to January 10, 1942, for appearance of his father and for disposition. On the last-mentioned date petitioner and his father appeared before the Court and, after hearing, his case was continued to April 4, 1942. Thereafter, on February 20, 1942, petitioner was again brought before the Court, on motion of a Probation Officer of the Court, and after hearing, judgment was entered of record committing petitioner "to the National Training School for Boys until he reaches twenty-one (21) years of age." Petitioner was born on January 25, 1926. The commitment issued by the Juvenile Court for the District of Columbia substantially conforms to the judgment entered by said Court.

All of the foregoing proceedings appear to be consonant and in harmony with the Juvenile Court Act of the District of Columbia, supra. By said Act, the Juvenile Court of the District of Columbia is created as a Court of Record (see Section 3 of said Act). As such, the records of proceedings before it, made and kept pursuant to law, constitute the legal evidence of its judgments, orders and other proceedings. Said records constitute the legal evidence of such Court's official acts, and are binding upon the Judge or Judicial Officer making such record, as well as the parties to the proceeding. 21 C.J.S.Courts, § 237, p. 442. Petitioner's assertion that the Judge who passed sentence on him stated, in open Court, that petitioner was to be "sentenced to a term in the National Training School in Washington, D. C., to learn a trade and be considered at a later date for release after learning such a trade" is a collateral attack upon the judgment, records and commitments of the Juvenile Court of the District of Columbia, made in petitioner's case before said Court. The records of said Court cannot be so attacked. The Juvenile Court of the District of Columbia shows, by its records, that it had jurisdiction of the offense charged against petitioner, as well as jurisdiction of his person. The judgment entered of record by said Court is within the discipline provided by the Act of its creation. The records of said Court revealing, as they do, such cardinal requirements of a valid judgment and sentence they are binding on petitioner and on this Court in this proceeding, when this Court seeks to test the legality of petitioner's sentence. Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455.

The only sentence known to law of a Court of record is the sentence or judgment that is entered upon the records of such Court. Hill v. United States, ex rel Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283. What a sentencing judge states in open Court, at the time of sentence, other than the pronouncement of the terms thereof is no part of the official judgment of the Court. Statements made by a sentencing judge to the person sentenced, other than the terms of sentence, amount to nothing more than admonitions or expressions of hope for the person sentenced. When so made they constitute no part of the judgment of the Court. The statement petitioner alleges and attributes to the judge who passed sentence on him, if made, falls within this category. Then, too, under Section 15 of the Juvenile Court Act of the District of Columbia, supra, an order of commitment made by that Court in the case of a child, can be modified or revoked from time to time, if the Court is of the opinion that such action would be for the best interest of the child. Perhaps the sentencing judge had in mind at the time he passed sentence on petitioner, that if petitioner, while confined in the National Training School for Boys, learned a trade and showed that he had rehabilitated himself, such judge would reconsider, as he had a right to do, a modification of the original sentence of petitioner. In any event such statement, if made by said judge, is no part of the record of the Court sentencing petitioner to the National Training School for Boys, and does not militate against the lawful legal effect of the judgment shown on the records of the Juvenile Court for the District of Columbia, sentencing petitioner to the National Training School for Boys until he becomes twenty-one (21) years of age.

Attached to the return of respondent, as exhibits, are two directives of the Attorney General of the United States, one dated April 22, 1944, and the other dated November 3, 1944, issued under authority contained in Title 18 U.S.C.A. § 744b and § 753f. The former directive orders the transfer of petitioner from the National Training School for Boys, Washington, D. C., to the Federal Reformatory, Petersburg, Virginia; the latter orders petitioner transferred from the last-named institution to the Medical Center for Federal Prisoners, Springfield, Missouri.

**4**

In Huff v. O'Bryant, 74 App.D.C. 19, 121 F.2d 890, the Circuit Court of Appeals, for the District of Columbia, held that one who was under the age of eighteen (18) years at the time of his violation of the law and his adjudication by the Juvenile Court for the District of Columbia, committing him to the National Training School for Boys for a period of his minority was, and continued to be for that violation, subject to orders of said Court and not to orders of the Attorney General; hence such a person could not be legally transferred to a Reformatory by order of the Attorney General under Title 18 U.S.C.A. § 753f. After the decision of the Court of Appeals in that case Congress amended Section 753f, supra, so as to extend the provisions thereof to include "persons committed to the National Training School for Boys, by the Juvenile Court of the District of Columbia." Ch. 453, 55 Stat. 743. A consideration of the above decision, with the subsequent action of Congress amending Section 753f, supra, can only lead to the conclusion that Congress inferentially repealed the provisions of the Juvenile Court Act for the District of Columbia, as discussed in the Huff case, supra, insofar as said Juvenile Court Act relates to the place of detention when a child sentenced thereunder is committed to the National Training School for Boys. Under Section 753f, as amended, the Attorney General may transfer prisoners from one institution to another, at his discretion. Stroud v. Johnston, 9 Cir., 139 F.2d 171. When the Attorney General directs such a transfer he is performing a ministerial and not a judicial act. Sengstack v. Hill, D.C., 16 F.Supp. 61. The time and place of execution are not strictly part of a judgment or sentence. Schwab v. Berggren, 143 U.S. 442, 12 S.Ct. 525, 36 L.Ed. 218.

 The directives of the Attorney General, attached to the return of respondent, showing petitioner's final transfer to the Medical Center for Federal Prisoners, Springfield, Missouri, are sufficient to establish legal custody of petitioner by respondent.

From the foregoing it appears that no issue of fact is presented by the petition and return that is not here decided.

Therefore petitioner's petition for a writ of habeas corpus is dismissed.