Daniel McBRIDE, Appellant,

v.

Louis JACOBS, Superintendent, National Training School for Boys, Appellee.

No. 13927.

United States Court of Appeals
District of Columbia Circuit.

Argued July 5, 1957.

Decided Aug. 6, 1957.

Mr. James J. Laughlin, Washington, D. C., for appellant.

Messrs. Hubert B. Pair and Richard W. Barton, Asst. Corp. Counsel for the Dist. of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Andrew G. Conlyn, Asst. Corp. Counsel, were on the brief, for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN and BURGER, Circuit Judges.

PER CURIAM.

This is an appeal from a District Court order discharging a writ of habeas corpus and dismissing the petition therefor. The petition urged that appellant, a minor, had been unlawfully committed to a training school by the Juvenile Court in that he was not advised by the court of his right to counsel and was without counsel when he admitted committing an unlawful act. The record discloses that prior to the hearing appellant's mother was notified in writing of her son's right to counsel and that the mother subsequently signed a statement acknowledging she had been advised of appellant's right to retain counsel or have counsel appointed by the court in his behalf.

 This court has previously indicated that Congress intended to allow a juvenile offender to be represented by

**596**

counsel, which of course includes the right to be advised of such right. From and after May 17, 1956, our holding in Shioutakon v. District of Columbia, 98 U.S.App.D.C. 371, 375, 236 F.2d 666, 670, requires [1] first, "the *juvenile* must be advised that he has a right to *engage* counsel or to have counsel named on his behalf," and second "where that right exists, the court must be assured that any waiver of it is intelligent and competent." (Emphasis added.) The latter implies that where a waiver is relied on, the Juvenile Court must affirmatively find as a fact that by reason of "age, education, and information, and all other pertinent facts" the minor is able to and did make an intelligent waiver. See Williams v. Huff, 1944, 79 U.S.App.D.C. 31, 32, 142 F.2d 91, 92.

The record before us does not show that the judge of the Juvenile Court passed on both these requirements or indicated they had been complied with, *i. e.,* the *juvenile* does not appear to have been advised of his right to counsel, as one of 17 years must be advised, even if we assume, arguendo, that the mother was so advised and made an intelligent and competent waiver.

Obviously not all minors are capable of making a waiver. Where the court finds for any reason the minor is not capable of a waiver the parent may so waive provided the court also finds there is no conflict of interest between them, and of course the waiver by the parent must be an intelligent, knowing act.

The preliminary conferences are an important part of the Juvenile Court process and no doubt the interested parties should be advised of their rights to counsel at that stage; but any preliminary waiver of counsel either by parent or minor should be confirmed by the judge in open court and on the record.

In this case, however, we need not decide whether the minor could or did waive counsel since the record does not show that the judge advised him of the right. Advising the parent of a 17 year old minor through a court attendant outside court does not meet the requirement that the juvenile must be advised by the court of his right to counsel. Because of this deficiency we must remand the proceeding to the District Court with instructions to issue a writ of habeas corpus, without prejudice to subsequent proceedings in the Juvenile Court in which the right to counsel is fully protected. *Cf.* Fleming v. Tate, 1946, 81 U.S.App.D.C. 205, 156 F.2d 848. In view of this disposition we do not reach the question whether an intelligent and competent waiver was made by the juvenile's mother, or the constitutional questions urged.

Reversed and remanded.

1. The order of the Juvenile Court in this case was made November 28, 1956.