**In Re James C. COGDELL, Petitioner,**

v.

**Curtis REID, Superintendent, Respondent.**

**No. 10-59.**

United States District Court
District of Columbia.

March 3, 1959.

Eugene Roberson, Washington, D. C., for petitioner.

Oliver Gasch, U. S. Atty., Edw. P. Troxell, J. Philip Smith, Asst. U. S. Attys., Washington, D. C., for respondent.

McGUIRE, District Judge.

The petitioner here, a juvenile, was committed by the Juvenile Court, by the exercise of the power vested in it under the terms of 11 D.C.Code, § 915 (1951), to the National Training School for Boys.

The same Section of the Code, however, expressly provides:

"No adjudication upon the status of any child * * * shall * * * be deemed a *conviction of a crime* * * *" (Italics supplied.)

Title 18 U.S.C. § 4082 (1952) provides:

"Persons *convicted* of an offense against the United States shall be committed, for such terms of *imprisonment* as the court may direct, to the custody of the Attorney General or his authorized representative, who shall designate, * * *"

"The authority conferred upon the Attorney General by this section shall extend to *all* persons committed to the National Training School for Boys." (Italics supplied.)

(Reviser's Note in the Code indicates that in this section of the statute, which

was enacted June 25, 1948, ch. 645, § 1, 62 Stat. 850,

"Words 'by the juvenile court of the District of Columbia, as well as others committed by any court of the United States,' at end of section were omitted as unnecessary and the word 'all' inserted before 'persons', without change of meaning.")

The above quoted section, it is well to note, is directed to *convictions* of an offense against the United States, and *in* the District Courts of the United States, and can not by its very terms be held to apply to one committed under a statute which regards him as a juvenile and specifically provides he is *not* to be regarded as *convicted* of a crime by the fact of such commitment. 11 D.C.Code, § 915 (1951)

Sections 4001, 4082, and 4083 of Title 18, U.S.C., are old sections 753e and 753f of the same Title, and in this connection and on a similar set of facts the Court of Appeals has already ruled in a case dispositive of the controversy here. Huff v. O'Bryant, 1941, 74 App.D.C. 19, 121 F.2d 890. Again, 11 D.C.Code, § 927 (1951) provides:

"No child under 18 years of age shall be placed in or committed to any *prison, jail, or lock-up* \* \* \* or transferred from place to place, where he may be brought in contact or communication with any adult convicted of crime or under arrest and charged with crime: Provided, That a child 16 years of age or older whose habits or conduct are deemed such as to constitute a menace to other children, may, with the *consent of the judge* or director of social work, be placed in a jail or other place of detention for adults, but in a room or ward separate from adults."

This requirement of the law has not been complied with here and the mere abolishment of the old Board of Trustees [1] and the assignment of its functions to the Bureau of Prisons [2] does not and can not make a convicted criminal out of one whom the law says shall not be regarded as such.

Title 18 U.S.C. § 5031 et seq. (1952) relates to juveniles alleged to have been convicted of one or more acts in violation of a law of the United States. This is the Federal Juvenile Delinquency Act, so-called, and relates specifically to District Courts of the United States, and even this Act provides that "a juvenile detained in a jail or similar institution shall be held in custody in a room or other place apart from adults if facilities for such segregation are available." 18 U.S.C. § 5035 (1952).

The other points raised are without merit. Assuming *arguendo* that there was a lack of an advisory by the juvenile court as to the right of counsel, it is admitted he was committed on July 8, 1955. The law laid down in the Shioutakon case, so-called, Shioutakon v. District of Columbia, 1956, 98 U.S.App.D.C. 371, 236 F.2d 666, 60 A.L.R.2d 686 is prospective and not retrospective, the critical date being May 17, 1956. McBride v. Jacobs, 1957, 101 U.S.App.D.C. 189, 190, 247 F.2d 595.

The rule, therefore, will be discharged, *provided* the petitioner is remanded forthwith to the custody of the Juvenile Court, for such appropriate action as that tribunal deems appropriate under the law and in the premises; otherwise the writ will *issue*.

Counsel will prepare order accordingly, indicating compliance.

---

1. 32 D.C.Code, §§ 801–810 (1951) inclusive.

2. 5 U.S.C.A. following section 133t (1952), Reorganization Plan No. 2, Part 1, § 3(B) and (C).