**William C. CLAY, Petitioner,**

v.

**Curtis REID, Respondent.**

**No. 47–59.**

United States District Court
District of Columbia.

June 1, 1959.

Hyman J. Cohen and Eugene Roberson, Washington, D. C., for petitioner.

Oliver Gasch, U. S. Atty., and Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for respondent.

HOLTZOFF, District Judge.

This is a writ of habeas corpus issued on a petition of counsel for an inmate of the District of Columbia Jail who is serving sentences imposed by the United States District Court at Indianapolis, Indiana, pursuant to conviction of a series of criminal offenses. These offenses were committed while the petitioner was an inmate of the Federal Reformatory at Terre Haute, Indiana. Originally, the petitioner had been committed as a juvenile by the Juvenile Court of the District of Columbia to the

National Training School for Boys and was from there removed to the Federal Reformatory at Chillicothe, and then to the Federal Reformatory at Terre Haute, Indiana.

It is claimed in behalf of the petitioner, first, that his transfer from the National Training School for Boys to a Federal reformatory or penitentiary was illegal, on the theory that a juvenile committed to the National Training School for Boys may not be imprisoned in an institution to which adult criminals are also committed. It is further claimed that since his imprisonment in the Indiana institution was illegal, he should not be held liable for the consequences of a crime committed while he was an inmate of that institution. The Court reaches the conclusion that each of the two contentions is erroneous.

■ This Court is of the opinion that the law authorizes the Director of Prisons of the United States to transfer inmates of the National Training School for Boys to any Federal institution. This matter first came before the United States Court of Appeals for the District of Columbia in the case of Huff v. O'Bryant, 74 App.D.C. 19, 121 F.2d 890. In that case an inmate of the National Training School for Boys who had been committed there by the Juvenile Court of the District of Columbia was transferred under the authority of the Attorney General to the District of Columbia Penitentiary and Reformatory at Lorton, because he had become unruly and difficult to handle in the opinion of the School. The Court of Appeals held that there was no authority to make the transfer. This having created a problem, the Department of Justice immediately applied to Congress for the enactment of legislation that would change this rule of law. Accordingly, Congress passed an Act which became law on October 21, 1941, 55 Stat. 743, 18 U.S.C. § 753f (1940 Code, Supp. I), and which amended the provision authorizing the Attorney General to transfer prisoners from one institution to another by adding the following clause: "The authority conferred upon the Attorney General by this section shall extend to persons committed to the National Training School for Boys, by the juvenile court of the District of Columbia, as well as to those committed by any court of the United States."

The legislative history to which this Court has just referred clearly shows that the very purpose of this legislation was to permit juveniles committed by the Juvenile Court of the District of Columbia to the National Training School for Boys to be transferred to institutions in which adults were incarcerated. This was done to meet that very problem.

In 1948, Title 18 of the United States Code was revised and Section 4082, which authorized the Attorney General to order any inmate transferred from one institution to another, contained the following provision: "The authority conferred upon the Attorney General by this section shall extend to all persons committed to the National Training School for Boys." The reviser's note states that the "words 'by the juvenile court of the District of Columbia, as well as to those committed by any court of the United States,' at the end of the section were omitted as unnecessary, and the word 'all' inserted before 'persons', without change of meaning."

■ It is clear, therefore, that the Congress continuously since 1941 has authorized the Attorney General of the United States to transfer any inmate of the National Training School for Boys to any other institution, whether that inmate be committed by the Juvenile Court of the District of Columbia or by a United States District Court.

The Court is aware that the opposite opinion has been expressed, but with all deference the Court is unable to follow it. Moreover, the Court is certain that if the legislative history of this statute had been presented in detail, very likely the opposite conclusion would not have been reached.

Consequently, the Court is of the opinion that the transfer of any inmate of

the National Training School for Boys to any other institution is legal and valid, irrespective of whether that inmate was committed by the Juvenile Court for this District or by a United States District Court.

As to the second point, the Court is of the opinion that it is clearly untenable. Irrespective of whether a person is being incarcerated legally or illegally, if he commits a crime while in confinement he is as answerable for such crime as anyone else.

The Court reaches the conclusion that the prisoner is being legally detained in the District of Columbia Jail.

Writ discharged and petition dismissed.