Louis WEST, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 25311.

United States Court of Appeals
Fifth Circuit.

Aug. 2, 1968.

Rehearing Denied Sept 5, 1968.

Daniel Coffman, Jacksonville, Fla.,
for appellant.

Allan P. Clark, Asst. U. S. Atty.,
Jacksonville, Fla., for appellee.

Before POPE\*, TUTTLE and CLAY-
TON, Circuit Judges.

CLAYTON, Circuit Judge:

Appellant, Louis West, was tried to
the court on a charge of violating the
Federal Juvenile Delinquency Act [1] by
reason of knowingly transporting a
stolen motor vehicle in interstate com-
merce knowing it to have been stolen.[2]
He was found guilty and was committed
to the custody of the Attorney General
for the period of his minority.  He ap-
peals here, and we affirm.

---

\* Of the Ninth Circuit, sitting by designa-
tion.

1.  18 U.S.C. § 5031 et seq.

2.  18 U.S.C. § 2312.

**468**

The sufficiency of the evidence to warrant the conviction is not in question. In fact, it was more than enough to warrant the finding of guilt, and no good purpose would be served by a discussion of it.[3]

Complaint is made here of the introduction into evidence of a statement given by Louis West to a special agent of the Federal Bureau of Investigation. The main thrust of the argument on this point is that a 16-year-old boy is per se incapable of waiving his rights to counsel and to remain silent even where, as here, the record demonstrates that he was given full *Miranda* warnings[4] and that he signed a written waiver of his rights before making the statement. The written form used by the officer which includes a written waiver form as signed by Louis West is shown in the margin.[5]

■ Appellant urges us to extend a landmark decision of the Supreme Court, In Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), in two major respects: first, by implication he says that the pre-interrogation warnings commanded in all criminal cases by *Miranda* also apply to pre-judicial stages of federal juvenile delinquency proceedings,[6] and, second, he suggests that any pre-judicial statement made by a juvenile outside the presence of his parents[7] is automatically tainted and can never be elevated to the status of competent evidence even where, as here, the juvenile has received a full-fledged *Miranda* warning and has knowingly waived his

3. The only issue raised was the existence or not of knowledge on the part of Louis West that the vehicle was stolen. That he drove it in interstate commerce was not and is not questioned.

4. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

5. 
### YOUR RIGHTS

Place _____
Date _____
Time _____

Before we ask you any questions, you must understand your rights.

You have the right to remain silent.

Anything you say can be used against you in court.

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time until you talk to a lawyer.

### WAIVER OF RIGHTS

I have read this statement of my rights and I understand what my rights are. I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

Signed_____

Witness_____
Witness_____
Time_____

6. Since all *Miranda* requirements were met, it is not necessary for us to decide (and we do not) whether they are, or are not, required in such a situation.

7. Counsel assumes that they were not present. The record is silent.

right to remain silent and his right to be represented by counsel. As has been said, all the warnings required by *Miranda* were given to Louis West before he made the statement about which complaint is made here. The entire interview consumed less than one hour. No claim was made at trial, nor is there any evidentiary basis for finding on appeal, that appellant did not understand the warnings given and the waiver of rights signed by him. Nor was this statement ever repudiated later. *Gault*, inter alia, stands for the proposition that the concepts of due process and fundamental fairness serve as guides in determining whether a juvenile has waived his privilege against self-incrimination, a purely factual question. Factors considered by the courts in resolving this question include: 1) age of the accused.; 2) education of the accused; 3) knowledge of the accused as to both the substance of the charge, if any has been filed, and the nature of his rights to consult with an attorney and remain silent; 4) whether the accused is held incommunicado or allowed to consult with relatives, friends or an attorney; 5) whether the accused was interrogated before or after formal charges had been filed; 6) methods used in interrogation; 7) length of interrogations; 8) whether vel non the accused refused to voluntarily give statements on prior occasions; and 9) whether the accused has repudiated an extra judicial statement at a later date. Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 (1964); Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); Gallegos v. State of Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962); Haley v. State of Ohio, 332 U.S. 596, 68 S.Ct. 302, 92 L. Ed. 224 (1948); United States v. Glover, 372 F.2d 43 (2 Cir. 1967); United States v. Lovejoy, 364 F.2d 586 (2 Cir. 1966), cert. den. 386 U.S. 974, 87 S.Ct. 1168, 18 L.Ed.2d 135; McBride v. Jacobs, 101 U.S.App.D.C. 189, 247 F.2d 595 (1957);

Shioutakon v. District of Columbia, 98 U.S.App.D.C. 371, 236 F.2d 666 (1956); and Williams v. Huff, 79 U.S.App.D.C. 31, 142 F.2d 91 (1944). Although the age of the accused is one factor that is taken into account, no court, so far as we have been able to learn, has utilized age alone as the controlling factor and ignored the totality of circumstances in determining whether or not a juvenile has intelligently waived his rights against self-incrimination and to counsel.

■ Viewing the evidence in the light most favorable to the United States, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), the facts sub judice demonstrate that Louis West voluntarily and intelligently waived his privilege against self-incrimination prior to being interviewed by the officer. The totality of circumstances shows, inter alia, that appellant: 1) was fully informed of his rights to remain silent and to have the assistance of counsel; 2) was interviewed by the special agent of the Federal Bureau of Investigation at 11:55 a. m. in a county juvenile facility; 3) voluntarily and understandingly waived his rights; 4) was 16 years old at the time of the interview; 5) had completed a tenth-grade education; 6) had worked and lived as an adult with adults, hundreds of miles away from his parents; 7) was not held incommunicado; 8) and, had been permitted visits by his parents (who had been informed previously by the local police that the automobile in appellant's possession was a stolen vehicle). Moreover, no deceit, persuasion or coercion was present in the very brief interrogation procedures. There is no doubt that where a statement of this nature is sought to be introduced the prosecution bears a heavy burden in establishing that the statement is a product of the free will of the defendant. In this instance, this burden has been met. The appellant admits that this is so in his statement and in his testimony and seeks to strike down the statement on the sole basis that he was 16 when the statement was given. But this just will not do, especially where the

defendant takes the stand as a witness and reiterates the facts delineated in the statement.

The point made by the United States in brief and on oral argument with respect to the inadequacy of the objections made to the use of this statement by the prosecution need not be dealt with in light of what we have said heretofore. Even if the objections had been complete in every respect, the statement would have been available for use by the prosecution and admissible.

■ Additionally, appellant complains that he was given no opportunity to make a closing argument to the court. No case has been cited, nor have we found one, which has ever recognized such a right in a nonjury trial conducted pursuant to the Federal Juvenile Delinquency Act. Although the Federal Rules of Criminal Procedure, Rule 30, impliedly adopt the right of counsel to present closing arguments in a jury trial, these same rules have been held inapplicable to federal juvenile delinquency proceedings. Borders v. United States, 256 F.2d 458 (5 Cir. 1958). See also, Rule 54(b) (5), Federal Rules of Criminal Procedure.

But even if it be accepted arguendo that there is a right to give a closing argument in a proceeding such as the one sub judice, appellant failed to request time for closing at the hearing and acquiesced without objection when the district judge proceeded to a disposition without argument from either side. Thus, he is now barred from raising this point on appeal. United States v. Mills, 366 F.2d 512 (6 Cir. 1966); Capriola v. United States, 61

F.2d 5 (7 Cir. 1932); United States v. El Rancho Adolphus Products, 140 F. Supp. 645 (M.D.Pa.1956), aff'd in 243 F.2d 367 (3 Cir. 1957).

Appellant's reliance on the case of Yopps v. State, 228 Md. 204, 178 A.2d 879 (1962), is misplaced. This was a criminal case tried to the court without a jury. The judge entered a verdict of guilty at the close of the evidence, and defense counsel *promptly lodged a specific objection that he had not been allowed closing argument.* The conviction was reversed on appeal because the record affirmatively established that defense counsel had not waived his right to make a closing argument. Nor do Word's Case (Word v. Commonwealth), 30 Va. 743 (1831), or Stewart v. Commonwealth, 117 Pa. 378, 11 A. 370 (1887), serve appellant well here. Both were criminal jury trials in which defendants' counsel specifically requested closing argument and were summarily denied the opportunity. They are inapposite here. Appellant neither requested time for summation nor objected to the trial court's procedure in making disposition without argument from either side.[8]

No error was committed by the district court in rendering its adjudication of delinquency without the formal procedures of summation arguments by counsel in the circumstances disclosed by this record.

In sum, we find no merit to either of the two points so ably and strenuously urged on us by appellant's court assigned counsel to whom we now extend the thanks of this court for his services.

This case should be, and is,

Affirmed.

---

8. At the beginning of the hearing, there was some discussion about statements by counsel. The essence of the colloquy between the court and defense counsel, as it bears on this point, is as follows:

THE COURT: * * * Mr. Coffman, do you want to make an opening statement?

MR. COFFMAN: No, Your Honor. I'd rather wait until they've finished their case—if one's appropriate then, at that time * * *

THE COURT: All right.

MR. COFFMAN: * * * but not now.